NUNC PRO TUNC

Oct 04 2021

**FILED**

Oct 05 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ TrishaF          DEPUTY

1  Name: Fernando Gastelum
2  Address: 209 W. 9th Street, Casa Grande, AZ 85122
   Telephone Number: 520-560-0927
3  Email: fernandog8899@gmail.com
4  *Pro se*

5             **UNITED STATES DISTRICT COURT**
6             **SOUTHER DISTRICT OF CALIFORNIA**

7  Fernando Gastelum,

8                    Plaintiff,              Case No.: 3:21-cv-01458-JLS-DEB

9  vs.                                       **ANSWER TO MOTION TO**
                                             **DISMISS COMPLAINT**
10

11 Pinnacle Hotel Circle LP
   dba Comfort Inn and Suites San
12 Diego Zoo SeaWorld Area,

13                    Defendant.

14

15      This is the third time in as many cases involving Mr. Stillman that Mr.

16 Stillman threatens me for filing a civil rights complaint. He now threatens me yet

17 again with filing a Rule 11 Motion for Sanctions for filing the complaint unless I

18 dismiss it. **Exhibits 4-5** to my declaration. Mr. Stillman know that I have standing

19 to assert a disability claim because I sent him a copy of the case where I was a

   plaintiff which found that to be a fact. **Exhibit 1** to my Declaration. His threats
20
   arise out of his first involvement in one of my cases where he told me this:
21
22      As you know, I represent defendant TC HERITAGE INN 2 OF BAKERSFIELD
        LLC. Attached hereto is a Notice of Motion and Motion for Rule 11
23      Sanctions. Pursuant to Fed.R.Civ.P. 11, you are entitled to 21 days' notice
        before a party can file a Motion for Sanctions, which you are being given
24      today. If you do not withdraw your frivolous and false complaint, my
        client will file the attached motion, and seek all of its attorney's fees
25      incurred in defending this frivolous action.
26
27      Remember this email. I intend to get your complaint dismissed, require
        you to post a bond in the unlikely event that it is not dismissed with
28      prejudice, and my client *will* seek all of its attorney's fees from you. I think

                                        1

1

2

3

4

5

6

7

that your litigation history from the Arizona federal courts speaks for itself, but my client will also seek to have you declared a vexatious litigant, which will require you to obtain prior permission from the presiding judge *before* you file a complaint. At this time, my client will accept an immediate dismissal with prejudice, and you may go about your business against other defendants. If not, I will be filing a motion to dismiss based on *Gastelum v. Canyon Hospitality, LLC*, which others whom you have sued will be able to access and use to get your complaints dismissed against them with little cost to them, which will further impede your new business venture in California.

8

9

I strongly encourage you to take this matter seriously.

10

**Exhibit 2** to my declaration.

11

12

13

14

15

16

17

18

19

I also object to Mr. Stillman's talking about my former lawyer as if that has something to do with his client's violations of my civil rights. I am also surprised that Mr. Stillman talks about to the case of *Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS that was later overruled by Judge Campbell in *Gastelum v. Pacific Heritage Inn of Chandler*, CV-18-01271-PHX-DGC. **Exhibit 1** to my declaration. As I read the **CREEC** case, my motive is not important, and I can be an ADA "tester" which is what I am. Mr. Stillman cannot claim that he does not know that the *Heritage Inn of Chandler* case overruled the *Canyon Hosp. LLC* case because I sent it to him twice before and once again with my declaration in this case.

20

21

22

23

24

25

26

27

28

I do not appreciate being attacked by Mr. Stillman when all I am trying to assert my civil rights. I have read the **CREEC** case and the **Whitaker** case, I visited the hotel before I sued it, I encountered barriers and I am deterred from returning. My complaint may not have legalese, but I am smart enough to understand that my civil rights have been violated. I do not deserve to be treated the way Mr. Stillman treats me. I filed a two page complaint that shows I am missing a leg, I visited Defendant's hotel and I found numerous violations of the ADA. It shouldn't matter that sometimes I use a wheelchair and sometimes I use a prosthetic leg and a cane because it is impractical to use a wheelchair where a public accommodation is not wheelchair friendly, like the hotel in this case.

2

I was always under the impression that lawyers are not supposed to intimidate and threaten people. I had no idea that filing an ADA claim by a disabled person is wrong.

Defendant claims that my case must be dismissed because, according to Mr. Stillman, it does not tell "(1) the scope of Plaintiff's alleged disability, (2) how any of the alleged 'barriers' that Plaintiff supposedly found at the Hotel are barriers to *him* (meaning me) and (3) that Plaintiff has any, *bona fide* intent to return to the Hotel."

What Mr. Stillman says is just wrong. In the very first paragraph of the Complaint, I say, "My name is Fernando Gastelum. I am 61 years old. I am missing a leg and use a wheelchair for mobility." Then, in Paragraphs 4 (a) –(c) I describe the barriers and how these barriers are barriers to me. I state:

a. Curb ramp is located on the accessible parking access aisle. This condition makes it more difficult for me to maintain control of the wheelchair when exiting the car.

b. Access aisle does not connect an accessible route. This condition makes it more difficult for me to access the entrance.

c. Access aisle slope is too steep. This condition makes it more difficult for me to control the wheelchair when using the access isle.

I further support these statements with my declaration and photographs at pages 3 and 4 with documented photographs.

In Paragraph 6 I also say that "I will not want to revisit the Public Accommodation because it is not fully compliant with the Americans with Disabilities Act and the California's civil rights laws and California civil rights laws." But of course, I will revisit the Public Accommodation when it has fully complied with the Americans with Disabilities Act and the California's civil rights laws.

I also say that " I was denied equal access to the hotel by defendant by not complying with the ADA and California's civil rights laws as stated above." All these statements are true.

In the section "RELIEF REQUESTED" I ask for:

1. Order Defendant to comply with the ADA and California civil rights law or close its Public Accommodation.

2. Order Defendant to pay my cost and expenses. If I retain a lawyer, then also lawyer's fees.

3. Damages under California law for $4,000 per violation for a total to be determined at a hearing.

4. Other relief that I am entitled to.

## I.  I Have Standing.

In response to Mr. Stillman's almost identical motion filed in two other cases, I googled "standing" and "ADA" and "9th Circuit". I was taken to the following website http://cdn.ca9.uscourts.gov/datastore/opinions/2021/01/25/19-56497.pdf. The website contains a decision **Brian Whitaker v. Tesla Motors**. This case discusses "standing." It says that **Brian Whitaker** had "standing" because his complaint alleged that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability and that the barrier deters him from returning. The Court said that these allegations are sufficient to establish injury-in-fact for purposes of standing.

My Complaint makes exactly the same statements. (1) I am disabled and use a wheelchair for mobility. (2) I state that I visited Defendant's premises. (3) I say that I personally encountered barriers that relate to my missing leg. (4) I say that I will not return until the Hotel is ADA compliant. And these statements are true.

I also googled and came across another decision that supports my position. **Civil Rights Education and Enforcement Center v. Hospitality Properties Trust**.

## II.  My Complaint Is Good.

The **Brian Whitaker v. Tesla Motors** case also says that **Brian Whitaker** had to explain **how** the service counter at the Tesla dealership denied him full and equal access. The Court stated that **Brian Whitaker's** complaint failed to answer the basic question:

> The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

But my complaint clearly shows how the barriers relate to my missing leg. It is not as if I am blind and complaining about mobility barriers. I am missing a leg and I complain about mobility barriers at the hotel. I tried to explain this in paragraph 4(a)-(c) of my Complaint where I say:

   a.     Curb ramp is located on the accessible parking access aisle. This condition makes it more difficult for me to maintain control of the wheelchair when exiting the car.

   b.  Access aisle does not connect an accessible route. This condition makes it more difficult for me to access the entrance.

   c.  Access aisle slope is too steep. This condition makes it more difficult for me to control the wheelchair when using the access isle.

I support these statement in my declaration where I say:

   a. Curb ramp is located on the accessible parking access aisle. This condition makes it more difficult for me to maintain control of the wheelchair when exiting the car:



b. Access aisle does not connect to an accessible route. This condition makes it more difficult for me to access the entrance.



c. Access aisle slope is too steep. This condition makes it more difficult for me to control the wheelchair when using the access aisle.



### III. Troy Sims's, and Phillip Stillman's Declarations.

I do not think it is fair that Troy Sims is allowed to submit a Declaration that are pretty misleading. I have detailed how they are misleading in my own attached Declaration which is part of this Answer.

With respect to Mr. Stillman's Declaration, I do not know how it relates to his client's violations of the Americans with Disabilities Act. I am like Mr. Whitaker in the **Whitaker v. Tesla** case. I file many cases. But, unlike Mr. Whitaker, I allege precisely how my lost limb is affected by the barriers at Defendant's hotel.

6

1    Again, I do not appreciate Mr. Stillman threatening me. I may not be a
2  lawyer, but my claim follows the cases pretty good.

3    I attach my own declaration that provides further detail of the violations at
4  the Hotel, and specifically describes how these violations denied me equal
5  access. My Declaration also addresses the Declarations submitted by Mr.
6  Stillman.

7    **RESPECTFULLY SUBMITTED** this ~~27th day~~ of ~~September~~ 1st october 2021.

8

9  Fernando Gastelum

10

    I mailed this Answer to the Clerk of the United States District Court
11  Eastern District Of California on this 1st day of October, and emailed to copy to
    counsel for Defendant.
12

13  Fernando Gastelum

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**M** Gmail                                          Fernando Gastelum <fernandog8899@gmail.com>

**Notice of Motion and Motion for Rule 11 Sanctions**
1 message

**Philip H. Stillman** <pstillman@stillmanassociates.com>                    Wed, Sep 8, 2021 at 9:40 AM
To: Fernando Gastelum <fernandog8899@gmail.com>

As you know, I represent defendant TC HERITAGE INN 2 OF BAKERSFIELD LLC. Attached hereto is a
Notice of Motion and Motion for Rule 11 Sanctions. Pursuant to Fed.R.Civ.P. 11, you are entitled to 21 days'
notice before a party can file a Motion for Sanctions, which you are being given today. If you do not
withdraw your frivolous and false complaint, my client will file the attached motion, and seek all of its
attorney's fees incurred in defending this frivolous action.

Remember this email. I intend to get your complaint dismissed, require you to post a bond in the unlikely
event that it is not dismissed with prejudice, and my client will seek all of its attorney's fees from you. I think
that your litigation history from the Arizona federal courts speaks for itself, but my client will also seek to
have you declared a vexatious litigant, which will require you to obtain prior permission from the presiding
judge *before* you file a complaint. At this time, my client will accept an immediate dismissal with prejudice,
and you may go about your business against other defendants. If not, I will be filing a motion to dismiss
based on *Gastelum v. Canyon Hospitality, LLC*, which others whom you have sued will be able to access
and use to get your complaints dismissed against them with little cost to them, which will further impede
your new business venture in California.

I strongly encourage you to take this matter seriously.

Philip H. Stillman | STILLMAN • ASSOCIATES
3015 North Bay Road | Suite B |
Miami Beach, FL 33140 |
V: 888.235.4279 | F: 888.235.4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

# UNITED STATES DISTRICT COURT
## SOUTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fernando Gastelum,<br><br>    Plaintiff,<br><br>vs.<br><br>Pinnacle Hotel Circle LP<br>dba Comfort Inn and Suites San<br>Diego Zoo SeaWorld Area,<br><br>    Defendant. | Case No.: 3:21-cv-01458-JLS-DEB<br><br>**DECLARATION OF FERNANDO GASTELUM** |

I make the following declaration under the penalty of perjury.

## I. About my Disability.

1. I am missing my left leg just below the knee since February of 2015.

2. The missing left leg substantially limits my major life activity of walking.

3. Since 2015, I have been using a wheelchair for mobility in locations that are designed for wheelchair use, that is, accessible routes that provide firm, level surface and that are wide enough to navigate my wheelchair.

4. Where the locations are **not** designed for the use of a wheelchair, that is, accessible routes **do not** provide firm, level surface, or **are not** wide enough to navigate my wheelchair, I must use my prosthetic leg and a cane to move short distances.

5. I prefer to use a wheelchair because walking on the prosthesis is painful, uncomfortable, and causes the prosthesis to rub against my skin. When I use the prosthetic, my leg sweats which in turn loosens the prosthetic

1

sleeve that begins to slip back and forth. I can no longer walk then. This requires me to stop, remove the prosthetic leg, let the sleeve dry up, and then put the prosthetic leg back on again.

6. Even with the use of the prosthesis and a cane, my ability to walk is severely restricted.

7. I have two types of wheelchairs: A non-motorized wheelchair as shown on my Facebook page and the electric Pride Victory 9 Mobility Scooter. Both are depicted below:





8. The use of a wheelchair, even where the accessible route is wheelchair friendly, causes secondary problems. For example, opening doors that require significant pulling or pushing to open the door is significantly restricted when using the wheelchair.

9. The use of the prosthesis and a cane for short distances limits the use of my arms and hands because the right arm and hand are used for the cane and cannot be used for opening doors. Door opening requires the use of two hands: one to turn the handle, the other to push the door open. Additionally, I cannot use my body to lean into a door to open it because that causes additional stress on the prosthetic leg.

10.      When I plan to visit a public place, I prepare myself for all conditions and bring with me the wheelchair, the prosthesis and a cane.

11.      I have been declared disabled by the Arizona Department of Transportation. The license plate on my car shows a disabled designation which entitles me to preferential parking in handicapped parking spots and passenger drop off zones.

II. **My Investigations Prior to Filing the Suit In This Case**

12.      I visited Defendant's Hotel on or about July 2, 2021.

13.     When I came to the Hotel, I noted that it was not compliant with the Americans with Disabilities Act and the California's civil rights laws and California disabled person's law in the following respects:

    a. Curb ramp is located on the accessible parking access aisle. This condition makes it more difficult for me to maintain control of the wheelchair when exiting the car:



    b. Access aisle does not connect to an accessible route. This condition makes it more difficult for me to access the entrance.



    c. Access aisle slope is too steep. This condition makes it more difficult for me to control the wheelchair when using the access aisle.



**III. What I did Before I Brought Suit against Defendant.**

14.    I have been previously involved in ADA lawsuits. I reviewed prior decisions in the lawsuit that I filed. I confirmed that the Honorable David G. Campbell, United States District Court Judge for the District of Arizona found that I have standing to pursue ADA claims. **Exhibit 1.**

15.    I also googled "standing" and "ADA" and "9th Circuit". I was taken to the                                        following                                        website http://cdn.ca9.uscourts.gov/datastore/opinions/2021/01/25/19-56497.pdf. The website contains a decision **Brian Whitaker v. Tesla Motors**, that discusses "standing". It says that **Brian Whitaker** had "standing" because his complaint alleged that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability and that the barrier deters him from returning. The Court said that these allegations are sufficient to establish injury-in-fact for purposes of standing.

16.    My Complaint in this case makes exactly the same statements. (1) I am disabled and use a wheelchair for mobility. (2) I state that I visited Defendant's premises. (3) I personally encountered barriers that relate to my use of the wheelchair. (4) I am "deterred" from returning.

17.    In my Complaint, I do not use the word "deterred", but instead state that "I will not want to revisit the Hotel because it is not fully compliant with the Americans with Disabilities Act and the California's civil rights laws and California disabled person's laws". Complaint statement of fact no. 6. Meriam Webster online dictionary defines the term "deter" to mean " to turn aside, discourage,   or   prevent   from   acting".   https://www.merriam-webster.com/dictionary/deter. My statement is the same as if I said I was "deterred".

18.    I googled another decision that supports my position. **Civil Rights Education and Enforcement Center v. Hospitality Properties Trust**[1].

---

[1]https://www.ndrn.org/images/Documents/Advocacy/Amicus_Activity/CREEC_Cupolo-Freeman_v._Hospitality_Properties_Trust-DECISION_8-9-2017.pdf.

19.     Based on these authorities, I concluded that I could file the complaint against Defendant.

## IV. Events Before Defendant Filed its Motion to Dismiss.

20.     On September 8, 2021, Mr. Stillman sent me an email in which he threatened me with a Rule 11 Motion (which he did not attach), to have me declared a vexatious litigant, and have the Court make me post a bond, if I did not dismiss the case.

> As you know, I represent defendant TC HERITAGE INN 2 OF BAKERSFIELD LLC. Attached hereto is a Notice of Motion and Motion for Rule 11 Sanctions. Pursuant to Fed. R. Civ. P. 11, you are entitled to 21 days' notice before a party can file a Motion for Sanctions, which you are being given today. If you do not withdraw your frivolous and false complaint, my client will file the attached motion, and seek all of its attorney's fees incurred in defending this frivolous action.

> Remember this email. I intend to get your complaint dismissed, require you to post a bond in the unlikely event that it is not dismissed with prejudice, and my client *will* seek all of its attorney's fees from you. I think that your litigation history from the Arizona federal courts speaks for itself, but my client will also seek to have you declared a vexatious litigant, which will require you to obtain prior permission from the presiding judge *before* you file a complaint. At this time, my client will accept an immediate dismissal with prejudice, and you may go about your business against other defendants. If not, I will be filing a motion to dismiss based on *Gastelum v. Canyon Hospitality, LLC*, which others whom you have sued will be able to access and use to get your complaints dismissed against them with little cost to them, which will further impede your new business venture in California.

> I strongly encourage you to take this matter seriously.

**Exhibit 2.**

21.     True to his threat, Mr. Stillman send me another Rule 11 Motion in another case he threatened to file unless I dismissed that case.. **Exhibit 3.**

22.     Mr. Stillman sent me another Rule 11 Motion in this case which he would file unless I dismiss the case. **Exhibit 4.**

6

23.     In addition to the Rule 11 Motion in this case, **Exhibit 4**, Mr. Stillman sent me an order entered against an attorney who has not been my counsel since 2018. **Exhibit 5.**

24.     The constant email threatening me with the loss of my 1st Amendment Right to redress my ADA grievance and demand the posting of a bond is so intimidating that I find it difficult to believe that it legal. I reviewed California's ethical Rule 3.10 (a) which specifically prohibits a lawyer from threatening administrative charges to obtain an advantage in a civil case. Rule 3.10(b) defines "administrative charges" like this:

> As used in paragraph (a) of this rule, the term "administrative charges" means the filing or lodging of a complaint with any governmental organization that may order or recommend the loss or suspension of a license, or may impose or recommend the imposition of a fine, pecuniary sanction, or other sanction of a quasi-criminal nature but does not include filing charges with an administrative entity required by law as a condition precedent to maintaining a civil action.

25.     These threats by Mr. Stillman are repetitive from one case to the next; in fact, in filing the Declaration of Troy Sims, Mr. Stillman used the same declaration as used in another case, but he forgot to change the caption from "dba Larkspur Landing Sacramento" and the real name of this hotel, "Comfort Inn and Suites San Diego Zoo SeaWorld Area":

| | |
|---|---|
| FERNANDO GASTELUM, an individual, | **Case No.** 3:21-cv-01458-JLS-DEB |
| Plaintiff, | **DECLARATION OF TROY SIMS IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| v. | |
| PINNACLE HOTEL CIRCLE, L.P. dba Larkspur Landing Sacramento, | |
| Defendant. | Date:        November 18, 2021 Time:        1:30 p.m. Courtroom:  4D |

## V.     Declaration of Troy Sims is Misleading

7

26.      In his Declaration, Mr. Sims misleadingly changes my allegations of a "visit" to his hotel to my "staying" in his hotel. I did not stay at his hotel. The ADA violations prevented me from staying there. Complaint at 3. ("I **visited** the hotel on July 2, 2021."

27.      Mr. Sims offers a video of my walking on the prosthetic leg and with a cane. As explained above under the section **I. About my Disability** in paragraphs 1-9, It shouldn't matter that sometimes I use a wheelchair and sometimes I use a prosthetic leg with a cane because it is impractical to use a wheelchair where a public accommodation is not wheelchair friendly, like the hotel in this case. Paragraphs 1-11 also explain the *additional* mobility impairments when I use the prosthetic leg with a cane that I do not experience when using the wheelchair.

**VIII.   Declaration of Philip Stillman and the attachments in the Request for Judicial Notice are not relevant whether his client is or is not ADA compliant.**

28.      I admit that I do not see the relevance of Mr. Stillman's Declaration or the attachments to the Request for Judicial Notice.

I SWEAR that the above is true and correct to the best of my knowledge, memory and belief.

**SIGNED**  this 1st day of October 2021.

Fernando Gastelum

# EXHIBIT 1

1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Fernando Gastelum,                          No. CV-18-01271-PHX-DGC

10                  Plaintiff,                    **ORDER**

11   v.

12   Pacific Heritage Inn of Chandler LLC,

13                  Defendant.

14

15

16           Defendant Pacific Heritage Inn of Chandler LLC ("Defendant") has filed a motion

17   to dismiss Plaintiff Fernando Gastelum's complaint (Doc. 1) for lack of subject matter

18   jurisdiction.  Doc. 10.  The motion is fully briefed, and oral argument will not aid the

19   Court's decision.  Fed. R. Civ. P. 78(b).  For the reasons that follow, the Court will deny

20   the motion.

21   **I.     Background.**

22           Plaintiff is an amputee who requires the use of a wheelchair or prosthetic leg.

23   Doc. 1 at 1 ¶ 2.  On April 23, 2018, Plaintiff visited a third-party booking website,

24   expedia.com, and Defendant's website, staybridge.com, to book a hotel room at

25   Staybridge Suites Phoenix-Chandler, a hotel owned by Defendant.  *Id.* at 6 ¶ 26, 10 ¶ 31.

26   Neither website described accessibility features at the hotel in sufficient detail to permit

27   Plaintiff to determine whether the hotel met his accessibility needs.  *Id.* at 7 ¶ 30, 11 ¶ 34.

28   Plaintiff called Defendant's hotel and spoke with a reservation clerk who assured him

1   that the hotel was compliant with the Americans with Disabilities Act ("ADA"). *Id.* at 14

2   ¶¶ 35-37. Plaintiff subsequently visited the hotel "to independently verify that it was, at

3   least on the outside, suitable to accommodate his disability." *Id.* at ¶ 38. He discovered

4   that the hotel was "replete with accessibility barriers" that prevented him from accessing

5   the hotel, and he declined to book a room. *Id.* at 14-15 ¶¶ 39-40.

6         On April 25, 2018, Plaintiff filed a complaint against Defendant, alleging

7   discrimination in violation of the ADA, 42 U.S.C. § 12101 et seq., and four Arizona tort

8   claims. Doc. 1. Defendant moves to dismiss, arguing that Plaintiff lacks Article III

9   standing. Doc. 10.

10  **II.   Standing Principles and Approach.**

11        "A suit brought by a plaintiff without Article III standing is not a 'case or

12  controversy,' and an Article III federal court therefore lacks subject matter jurisdiction

13  over the suit." *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing

14  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). Because standing is a

15  jurisdictional question, it is properly addressed under Rule 12(b)(1). *Id.*; *see also*

16  *Kingman Reef Atoll Inv., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

17        A motion to dismiss under Rule 12(b)(1) can be either a facial or factual attack on

18  jurisdiction. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th

19  Cir. 1979). A facial attack asserts that the allegations in the complaint are "insufficient

20  on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373

21  F.3d 1035, 1039 (9th Cir. 2004). A factual attack "disputes the truth of the allegations

22  that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

23        In a facial attack, the complaint's allegations are taken as true and construed in

24  favor of the non-moving party. *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 930 (N.D.

25  Cal. 2009) (citing *Fed'n of African Am. Contractors v. City of Oakland*, 96

26  F.3d 1204, 1207 (9th Cir. 1996)). In a factual attack, the plaintiff's allegations are not

27  entitled to a presumption of truthfulness, the court may look beyond the pleadings, and

28  the plaintiff has the burden of proving jurisdiction. *Safe Air for Everyone*, 373 F.3d

1    at 1039. The plaintiff must "present affidavits or any other evidence necessary to satisfy

2    its burden[.]" *St. Clair v. City of Chino*, 880 F.2d 199, 201 (9th Cir. 1989).

3         Defendant does not specify the basis of its motion to dismiss, but its arguments

4    focus on the allegations of the complaint. Defendant asserts that the "[c]omplaint makes

5    clear that Plaintiff did not book a room at the subject hotel, has never visited the hotel

6    previously, and has no intention to return," and that Plaintiff consequently "has not

7    demonstrated any real threat of repeated injury or been injured-in-fact." Doc. 10 at 2.

8    Defendant presents no extrinsic evidence. As a result, the Court will treat this as a facial

9    attack and presume that the complaint's allegations are true.[1]

10   **III.    Analysis.**

11        **A.    Collateral Estoppel.**

12        Defendant argues that Plaintiff is collaterally estopped from relitigating his lack of

13   Article III standing. Doc. 10 at 2. In a recent order, Judge Murray Snow of this court

14   dismissed for lack of standing eleven cases filed by Plaintiff against other defendant-

15   hotels for alleged ADA violations. *Gastelum v. Canyon Hospitality LLC*, No. CV-17-

16   02792-PHX-GMS, 2018 WL 2388047, at *1-2, 10 (D. Ariz. May 25, 2018).[2] Because

17   the eleven cases involved "substantially similar, boilerplate complaints" filed by Plaintiff,

18   Judge Snow found that the issue of standing affected all eleven cases. *Id.* at *2-3. Judge

19   Snow held two evidentiary hearings at which Plaintiff testified. *Id.* at *2. Based on those

20

21   _____

22        [1] Defendant argues that Plaintiff is collaterally estopped from asserting Article III
     standing because of a prior decision in *Gastelum v. Canyon Hospitality LLC*, No.
23   CV-17-02792-PHX-GMS, 2018 WL 2388047 (D. Ariz. May 25, 2018). *See* Doc. 10 at 2.
     Reliance on the legal principle of collateral estoppel is not the same as presenting
24   extrinsic evidence and seeking a factual determination. In response to Defendant's
     motion, Plaintiff presents a declaration, a copy of the transcript from the evidentiary
25   hearing held in *Canyon Hospitality LLC*, and a hotel reservation confirmation. *See*
     Docs. 11-2, 11-3, 11-6. These exhibits do not convert this jurisdictional challenge into a
26   factual attack because, as *Safe Air for Everyone* makes clear, a challenge is factual if "the
     moving party" has presented affidavits or other evidence. 373 F.3d at 1039. The Court
27   has not considered Plaintiff's factual submissions.

28        [2] One of those dismissed cases involved a hotel owned by Defendant. *See* Doc. 10
     at 2, 5-6, 8; *Canyon Hospitality LLC*, 2018 WL 2388047, at *10 (ordering the dismissal
     of *Gastelum v. Hilton Garden Inns Management LLC*, No. CV-18-00820-PHX-GMS).

1   hearings and evidence outside the pleadings, Judge Snow found that Plaintiff lacked (1) a

2   concrete and particularized harm and (2) a likely injury in the future. *Id.* at *6-10.

3         The complaint in this case is substantially similar to the boilerplate complaints in

4   *Canyon Hospitality LLC*, and Defendant contends that this Court should give preclusive

5   effect to Judge Snow's order. Doc. 10 at 2, 6-8. Plaintiff counters that collateral estoppel

6   does not apply because this is "a completely different case relating to a completely

7   different hotel with different factual allegations[.]" Doc. 11 at 1. He argues that *Canyon*

8   *Hospitality LLC* relied on a finding that Plaintiff did not intend to return to those hotels

9   and that this finding says nothing about Plaintiff's intent to return to the hotel at issue

10  here. *Id.* at 3.

11        Collateral estoppel, also known as issue preclusion, "bars 'successive litigation of

12  an issue of fact or law actually litigated and resolved in a valid court determination

13  essential to the prior judgment.'" *ReadyLink Healthcare, Inc. v. State Comp. Ins.*

14  *Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892

15  (2008)). The doctrine "applies only when the issues presented in each matter are

16  identical. The doctrine is inapplicable if the issues are merely similar." *Fund for*

17  *Animals, Inc. v. Lujan*, 962 F.2d 1391, 1399 (9th Cir. 1992). In *South Delta Water*

18  *Agency v. United States*, 767 F.2d 531, 538-39 (9th Cir. 1985), the defendants attempted

19  to use a 1963 Supreme Court case, which held that the operation of a dam conformed to

20  statutory requirements, to estop the plaintiffs from challenging the present operation of

21  the dam. The Ninth Circuit held that collateral estoppel did not apply because the current

22  operation of the dam differed from the 1963 operation. *Id.* Different factual settings

23  render collateral estoppel inapplicable. *See also Bernstein v. Bankert*, 733 F.3d 190, 225-

24  26 (7th Cir. 2013) (holding that a judgment for an insurer on pollution coverage at one

25  site did not collaterally estop another action for pollution coverage at a different site

26  because the two cases "necessarily depend on different sets of facts"); 18 Charles Alan

27  Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4425

28

1  (3d ed. 1998) (it would be inappropriate to apply issue preclusion to "[t]wo entirely
2  unrelated accidents involving the same parties").

3        To be sure, the complaint in this case is similar to the complaints at issue in
4  *Canyon Hospitality LLC.*  Plaintiff alleges the same claims under the ADA and state law,
5  and details the same process by which he discovered the alleged violations: he first
6  reviewed a third-party booking website and then the Defendant's own website; he next
7  called the hotel to inquire about its ADA accessibility; and he then visited the hotel to
8  ascertain whether it was ADA compliant.  *Compare* Doc. 1, *with Canyon Hospitality*
9  *LLC*, 2018 WL 2388047, at *1-2. As in the *Canyon Hospitality LLC* complaints, Plaintiff
10 alleges that he declined to book a room due to the ADA violations he noted during his
11 visit.  *Id.* at 15 ¶ 40.   Plaintiff likewise avows that he "intends to book a room at
12 Defendant's hotel once Defendant has removed all accessibility barriers." *Id.* at 4 ¶ 16.
13 Other than naming a different hotel and different ADA violations, the complaint is
14 virtually the same as the complaints in *Canyon Hospitality LLC.*

15       Despite this similarity, this case involves a different set of facts.  Plaintiff is suing
16 a different hotel for different ADA violations, and the relevant standing issue is whether
17 his complaint sufficiently alleges an intent to return to Defendant's hotel, not another
18 hotel at issue in another case.  District courts are to make "case-by-case determinations"
19 of a plaintiff's injury-in-fact.  *Civil Rights Educ. & Enforcement Center v. Hospitality*
20 *Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (hereinafter *CREEC*); *see also D'Lil v.*
21 *Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) (noting that whether
22 a plaintiff visited the hotels she previously sued "says little about her intent to visit" the
23 hotel currently being sued).  Judge Snow made factual findings regarding the cases before
24 him.  Because this case involves different facts, collateral estoppel does not apply.

25       **B.     Res Judicata.**

26       Defendant also contends that the doctrine of res judicata precludes Plaintiff from
27 relitigating his standing in this case.  Doc. 10 at 8 n.6.  Res judicata, or claim preclusion,
28 "applies when there is (1) an identity of claims; (2) a final judgment on the merits;

1   and (3) identity or privity between the parties." *Garity v. APWU Nat'l Labor Org.*, 828

2   F.3d 848, 855 (9th Cir. 2016) (citation and quotation marks omitted).  The first two of

3   these requirements are missing.  There is no identity of claims – Plaintiff sues over

4   alleged ADA violations at an entirely different hotel.  And there has been no final

5   judgment on the merits in Judge Snow's cases.  The Ninth Circuit has held that "a

6   dismissal for want of personal jurisdiction is *not* a judgment 'on the merits' for the

7   purposes of res judicata." *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161,

8   1164 (9th Cir. 2016) (emphasis in original).  This reasoning extends to dismissals for lack

9   of subject matter jurisdiction.  *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order

10   states otherwise, a dismissal . . . *except one for lack of jurisdiction*, improper venue, or

11   failure to join a party under Rule 19[,] operates as an adjudication on the merits.")

12   (emphasis added); *see also Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 736 (1st Cir.

13   2016) ("[A] dismissal for lack of subject matter jurisdiction normally operates without

14   prejudice.  This approach makes eminently good sense since a want of jurisdiction

15   deprives a court of the authority to enter a judgment on the merits[.]  Courts routinely

16   apply this principle to dismissals for lack of Article III standing.") (citations omitted).

17   Res judicata does not apply.

18       **C.   Standing.**

19       Defendant relies entirely on collateral estoppel and res judicata.  It makes no other

20   argument, presents no factual materials, and has requested no factual determination.  *See*

21   Docs. 10, 13.   But because federal courts are required *sua sponte* to examine

22   jurisdictional issues such as standing, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d

23   939, 954 (9th Cir. 2011), the Court will determine whether Plaintiff's pleadings are

24   facially defective.

25       Standing requires (1) an injury-in-fact, (2) causation between the injury and the

26   allegedly wrongful conduct, and (3) that the injury is likely to be redressed by a favorable

27   decision from the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

28   Where a case is at the pleading stage, the plaintiff must allege facts demonstrating each

1   element. *CREEC*, 867 F.3d at 1099.  An injury-in-fact must be "(a) concrete and

2   particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504

3   U.S. at 560 (internal quotations and citations omitted).  "[A] party seeking review must

4   allege facts showing that he is himself adversely affected." *Sierra Club v. Morton*, 405

5   U.S. 727, 740 (1972).  There must be "'continuing, present adverse effects' stemming

6   from the defendant's actions." *CREEC*, 867 F.3d at 1098 (quoting *City of Los Angeles v.*

7   *Lyons*, 461 U.S. 95, 102 (1983)).

8         Under the ADA, "[n]o individual shall be discriminated against on the basis of

9   disability in the full and equal enjoyment of the goods, services, [or] facilities . . . of any

10   place of public accommodation[.]"  42 U.S.C. § 12182(a).  Hotels are places of public

11   accommodation, *id.* at § 12181(7)(A), and Plaintiff has a disability as defined under the

12   ADA, *id.* at § 12102.  Plaintiff sufficiently alleges that the ADA violations caused his

13   injury, and the injury is likely to be redressed by a favorable decision from the Court.

14   The Court therefore will address only whether Plaintiff has alleged an injury-in-fact.

15             **1.    Actual or Imminent Injury.**

16         An injury is "actual" if a person who is disabled "is currently deterred from

17   patronizing a public accommodation due to a defendant's failure to comply with the

18   ADA[.]"  *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002);

19   *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a

20   plaintiff has visited a public accommodation on a prior occasion and is currently deterred

21   from visiting that accommodation by accessibility barriers establish that a plaintiff's

22   injury is actual or imminent.").  In *CREEC*, the Ninth Circuit clarified that a plaintiff

23   need not personally encounter the barriers or personally visit the hotel.  Injury arises from

24   "the plaintiff's 'actual knowledge' of a barrier, rather than the source of that knowledge."

25   *CREEC*, 867 F.3d at 1099.

26         Plaintiff alleges that he "visited the [Defendant's] hotel to independently verify

27   that it was . . . suitable to accommodate his disability."  Doc. 1 at 14 ¶ 38.  During his

28   visit, he "noted that the hotel was not compliant with the ADA," and his complaint lists

twelve specific accessibility barriers that he observed. *Id.* at 14-15 ¶ 39. Plaintiff alleges

that, "[a]s a result of [these] deficiencies," he "declined to book a room at the hotel." *Id.*

at 15 ¶ 40. He further alleges that "he is deterred from visiting [this] accommodation by

accessibility barriers and other violations of the ADA." *Id.* at 4 ¶ 17. These allegations,

which must be assumed true in this facial evaluation of jurisdiction, sufficiently assert

that Plaintiff's injury is actual or imminent.[3]

## 2.   Likelihood of Future Injury.

Because Plaintiff seeks injunctive relief, he must also show that he is "likely to

suffer future injury." *Lyons*, 461 U.S. at 105. In *Chapman*, the Ninth Circuit discussed

two ways a plaintiff could demonstrate a likelihood of future harm. 631 F.3d at 948-50.

First, the plaintiff could show "an intent to return to a noncompliant accommodation," in

which event he would be "likely to reencounter a discriminatory architectural barrier."

*Id.* at 948-50; *see also D'Lil*, 538 F.3d at 1037. Alternatively, a plaintiff can show that

"he is deterred from visiting a noncompliant public accommodation because he has

encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949. In

*CREEC*, the Ninth Circuit found a sufficiently alleged injury to pursue injunctive relief

under this "deterrent effect doctrine" because the plaintiffs alleged "they intend to visit

the relevant hotels, but have been deterred from doing so by the hotels' noncompliance

with the ADA." 867 F.3d at 1099.

Plaintiff alleges continuing adverse effects under both theories. He asserts that he

"intends to book a room at the Defendant's hotel once Defendant has removed all the

accessibility barriers . . . and has fully complied with the ADA." Doc. 1 at 4 ¶ 16. And

he alleges that he is "deterred from visiting that accommodation" due to "accessibility

barriers and other violations of the ADA." *Id.* at 4 ¶ 17. Taking the allegations of the

---

[3] Plaintiff also alleges injury from specific features at Defendant's hotel. He alleges that "he moves with the aid of a wheelchair or a prosthetic leg," and that "[a]t least one accessible route [with] a surface that is cross sloped steeper than 1:48 inches." Doc. 1 at 1 ¶ 2, 15 ¶ 39(j). This alleged ADA violation appears related to Plaintiff's mobility issues and provides factual support for his claim that he is deterred from using Defendant's hotel. Plaintiff has alleged a concrete and particularized injury.

1    complaint as true and construing them in Plaintiff's favor, the Court concludes that he has

2    sufficiently alleged a likelihood of future injury.[4]

3         **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 10) is **denied**.

4         Dated this 11th day of July, 2018.

5

6

7                                        *David G. Campbell*

8         _____

9                                David G. Campbell
                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26         [4] In *Canyon Hospitality LLC*, Judge Snow did not find a real and immediate threat

27    of repeated injury because Plaintiff failed to show that "he would otherwise visit [the
      hotels] in the course of his regular activities." 2018 WL 2388047, at *6-8.   These

28    conclusions were based on evidentiary hearings, not pleadings.   The Court's facial
      analysis of standing is limited to the pleadings.

# EXHIBIT 2

9/8/21, 1:43 PM                                    Gmail - Notice of Motion and Motion for Rule 11 Sanctions

 **Gmail**                                             Fernando Gastelum <fernandog8899@gmail.com>

## Notice of Motion and Motion for Rule 11 Sanctions
1 message

**Philip H. Stillman** <pstillman@stillmanassociates.com>                    Wed, Sep 8, 2021 at 9:40 AM
To: Fernando Gastelum <fernandog8899@gmail.com>

As you know, I represent defendant TC HERITAGE INN 2 OF BAKERSFIELD LLC. Attached hereto is a Notice of Motion and Motion for Rule 11 Sanctions. Pursuant to Fed.R.Civ.P. 11, you are entitled to 21 days' notice before a party can file a Motion for Sanctions, which you are being given today. If you do not withdraw your frivolous and false complaint, my client will file the attached motion, and seek all of its attorney's fees incurred in defending this frivolous action.

Remember this email. I intend to get your complaint dismissed, require you to post a bond in the unlikely event that it is not dismissed with prejudice, and my client *will* seek all of its attorney's fees from you. I think that your litigation history from the Arizona federal courts speaks for itself, but my client will also seek to have you declared a vexatious litigant, which will require you to obtain prior permission from the presiding judge *before* you file a complaint. At this time, my client will accept an immediate dismissal with prejudice, and you may go about your business against other defendants. If not, I will be filing a motion to dismiss based on *Gastelum v. Canyon Hospitality, LLC*, which others whom you have sued will be able to access and use to get your complaints dismissed against them with little cost to them, which will further impede your new business venture in California.

I strongly encourage you to take this matter seriously.

Philip H. Stillman | STILLMAN ▪ ASSOCIATES
3015 North Bay Road | Suite B |
Miami Beach, FL 33140 |
V: 888.235.4279 | F: 888.235.4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

*Licensed to Practice in California and Massachusetts*

Confidentiality Notice: The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2510, *et seq.*, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (888) 235-4279 and return the original message to us at pstillman@stillmanassociates.com.

# EXHIBIT 3

Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant LL SACRAMENTO, L.P.

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, an individual, | Case No. 2:21-cv-01481-KJM-JDP |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS** |
| LL SACRAMENTO, L.P. dba Larkspur Landing Sacramento, | Date: |
| Defendant. | Time:          10 a.m. |
| | Courtroom: 3, 15th Fl. |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Notice of Motion and Motion for Rule 11 Sanctions

1     PLEASE TAKE NOTICE THAT on _____, or as soon thereafter as the matter

2   may be heard in the above-entitled court, LL Sacramento, L.P. ("Defendant") will and

3   hereby does move the Court for an Order imposing sanctions for

4   filing a frivolous Complaint. This motion is brought on the following grounds:

5          1.     Plaintiff Fernando Gastelum, a resident of Arizona, is a veteran vexatious

6   litigant in the Arizona courts who has expanded his ambitions to ADA tourism in

7   California, hoping to cash in on the Unruh Act "gold rush." Formerly represented by Peter

8   Strojnik, a disbarred lawyer who was himself declared a vexatious litigant in the California

9   state courts and the Northern and Central Districts of California (with a motion pending in

10   the Southern District), Gastelum is now striking out on his own by filing in excess of

11   thirteen frivolous complaints against hotels and businesses in Bakersfield and San Diego

12   that are based on abject falsehoods to this Court. This is not news. *See Gastelum v.*

13   *Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 U.S. Dist. LEXIS 87850, at

14   *13-14 (D. Ariz. May 25, 2018), where the Court held:

15          Based upon the above facts the Court concludes that Mr. Gastelum and his
16          counsel Mr. Strojnik are engaged in a joint enterprise in which they are filing
           multiple suits against any Phoenix area lodgings . . . without reference to
17          whether Mr. Gastelum actually had any intent to make future visits to those
           facilities for reasons not related to his pursuit of ADA claims against them.
18          Given the facts of this case Mr. Gastelum has failed to establish that he would
           have any likelihood of revisiting these facilities except to the extent it would
19          be deemed necessary for him to do so to bring suit against each of the
           Defendants.

20          2.     Although in pro per, Gastelum filed over 133 complaints in Arizona, and

21   clearly knows the requirements to properly plead a claim against a defendant. *See Canyon*

22   *Hospitality, supra.* He also clearly knows about the requirements to establish standing. *Id.*

23   He has not done so.

24          3.     He also knows that it is not suggested but required to plead facts in his

25   complaints that are the truth, i.e., not fabrications. He has not done so in this case, and

26   provably so.

27

28          4.     Rule 11(b) states that "By presenting to the court a pleading, written motion,

or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

5.       By filing the Complaint that Gastelum knows is improper as a matter of law, Gastelum has violated Rule 11(b) and his Complaint is frivolous as a matter of law and totally without merit. Accordingly, sanctions against Gastelum are required to curtail this frivolous and harassing conduct.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Philip H. Stillman, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing, if any.

WHEREFORE, defendant respectfully requests that this Court impose sanctions on Plaintiff pursuant to Rule 11, in an amount to be determined by this Court but no less than $6,500.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: September 26, 2021            By:_____
                                                        Philip H. Stillman, Esq.
                                                        Attorneys for defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on September 26, 2021 or as soon as possible thereafter, copies of the foregoing Notice of Motion and Motion, the Memorandum of Points and Authorities filed was served electronically via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for DEFENDANT

EXHIBIT 4

1   Philip H. Stillman, Esq. SBN# 152861
    STILLMAN & ASSOCIATES
2   3015 North Bay Road, Suite B
    Miami Beach, Florida 33140
3   Tel. and Fax:  (888) 235-4279
    pstillman@stillmanassociates.com
4
    Attorneys for defendant LL SACRAMENTO, L.P.
5

6              UNITED STATES DISTRICT COURT FOR THE
7               EASTERN DISTRICT OF CALIFORNIA

8   ┌─────────────────────────────────┐   Case No. 2:21-cv-01481-KJM-JDP
9   │ FERNANDO GASTELUM, an individual, )
    │                         Plaintiff,  )   **NOTICE OF MOTION AND MOTION**
10  │ v.                                  )   **FOR RULE 11 SANCTIONS**
11  │                                     )
12  │ LL SACRAMENTO, L.P. dba Larkspur    )   Date:
    │ Landing Sacramento,                 )   Time:       10 a.m.
13  │                         Defendant.  )   Courtroom: 3, 15th Fl.
14  └─────────────────────────────────┘   )

15

16

17

18

19

20

21

22

23

24

25

26

27

28  **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on _____, or as soon thereafter as the matter may be heard in the above-entitled court, LL Sacramento, L.P. ("Defendant") will and hereby does move the Court for an Order imposing sanctions for filing a frivolous Complaint. This motion is brought on the following grounds:

1.     Plaintiff Fernando Gastelum, a resident of Arizona, is a veteran vexatious litigant in the Arizona courts who has expanded his ambitions to ADA tourism in California, hoping to cash in on the Unruh Act "gold rush." Formerly represented by Peter Strojnik, a disbarred lawyer who was himself declared a vexatious litigant in the California state courts and the Northern and Central Districts of California (with a motion pending in the Southern District), Gastelum is now striking out on his own by filing in excess of thirteen frivolous complaints against hotels and businesses in Bakersfield and San Diego that are based on abject falsehoods to this Court. This is not news. *See Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 U.S. Dist. LEXIS 87850, at *13-14 (D. Ariz. May 25, 2018), where the Court held:

> Based upon the above facts the Court concludes that Mr. Gastelum and his counsel Mr. Strojnik are engaged in a joint enterprise in which they are filing multiple suits against any Phoenix area lodgings . . . without reference to whether Mr. Gastelum actually had any intent to make future visits to those facilities for reasons not related to his pursuit of ADA claims against them. Given the facts of this case Mr. Gastelum has failed to establish that he would have any likelihood of revisiting these facilities except to the extent it would be deemed necessary for him to do so to bring suit against each of the Defendants.

2.     Although in pro per, Gastelum filed over 133 complaints in Arizona, and clearly knows the requirements to properly plead a claim against a defendant. *See Canyon Hospitality, supra.* He also clearly knows about the requirements to establish standing. *Id.* He has not done so.

3.     He also knows that it is not suggested but required to plead facts in his complaints that are the truth, i.e., not fabrications. He has not done so in this case, and provably so.

4.     Rule 11(b) states that "By presenting to the court a pleading, written motion,

or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

5.      By filing the Complaint that Gastelum knows is improper as a matter of law, Gastelum has violated Rule 11(b) and his Complaint is frivolous as a matter of law and totally without merit. Accordingly, sanctions against Gastelum are required to curtail this frivolous and harassing conduct.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Philip H. Stillman, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing, if any.

WHEREFORE, defendant respectfully requests that this Court impose sanctions on Plaintiff pursuant to Rule 11, in an amount to be determined by this Court but no less than $6,500.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: September 26, 2021          By:_____
                                                              Philip H. Stillman, Esq.
                                                       Attorneys for defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on September 26, 2021 or as soon as possible thereafter, copies of the foregoing Notice of Motion and Motion, the Memorandum of Points and Authorities filed was served electronically via email to Plaintiff's email address listed with this Court.

By: */s/ Philip H. Stillman*
Attorneys for DEFENDANT

EXHIBIT 5

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   PETER STROJNIK, SR.                    Case No.:   3:19-cv-1991-LAB (JLB)

12                          Plaintiff,       **ORDER:**

13   v.
                                            **(1) GRANTING IN PART AND**
14   1315 ORANGE AVE LLC                    **DENYING IN PART**
                                            **DEFENDANT'S MOTION TO**
15                          Defendant.       **DECLARE PLAINTIFF A**
                                            **VEXATIOUS LITIGANT AND**
16                                          **IMPOSE PRE-FILING**
                                            **RESTRICTIONS; AND**
17
18
19                                          **(2)  GRANTING DEFENDANT'S**
                                            **REQUEST FOR ATTORNEY'S**
20                                          **FEES.**
21

22        On October 16, 2019, *pro se* plaintiff Peter Strojnik, Sr. ("Strojnik") filed this

23   case against 1315 Orange Ave, LLC ("Defendant"), the owner and operator of La

24   Avenida Hotel in Coronado ("La Avenida"), alleging claims under the Americans

25   with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and related state laws.

26   Strojnik's original complaint was dismissed without prejudice for failure to invoke

27   the Court's jurisdiction. He then filed an amended complaint but failed to serve the

28   proper entity, and took virtually no steps to prosecute the case. The Court ordered

1   Strojnik to show cause why this action shouldn't be dismissed without prejudice,
2   but he once again did nothing. The case was dismissed on June 4, 2020.

3       Now before the Court is Defendant's motion to declare Strojnik a vexatious
4   litigant subject to a pre-filing order for all future cases brought in the Southern
5   District of California ("Motion"). For the reasons discussed herein, the Court
6   **GRANTS IN PART AND DENIES IN PART** Defendant's motion to declare Plaintiff
7   a vexatious litigant and impose a pre-filing order on him, and **GRANTS**
8   Defendant's request for attorney's fees. The Court enters a pre-filing order
9   requiring that any future disability access complaints filed by Strojnik in the
10  Southern District of California be reviewed by the Court prior to service of the
11  summons and complaint.

12  **I.    REQUEST FOR JUDICIAL NOTICE**

13      Pursuant to Federal Rule of Evidence 201, a court "may judicially notice a
14  fact that is not subject to reasonable dispute because it: (1) is generally known
15  within the trial court's territorial jurisdiction; or (2) can be accurately and readily
16  determined from sources whose accuracy cannot reasonably be questioned." Fed.
17  R. Evid. 201(b). A court may take judicial notice of matters of public record if those
18  facts are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d
19  668, 688-89 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279,
20  1282 (9th Cir. 1986)), *overruled on other grounds by Galbraith v. Cty. of Santa
21  Clara*, 307 F.3d 1119 (9th Cir. 2002).

22      Judicial notice is particularly appropriate for court records in a prior case and
23  litigation related to the case before the court. *United States ex rel. Robinson
24  Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)
25  (holding that a court may take judicial notice of "proceedings in other courts, both
26  within and without the federal judicial system, if those proceedings have a direct
27  relation to matters at issue") (citation omitted); *Disabled Rights Action Comm. v.
28  Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) ("[W]e may take

3:19-cv-1991-LAB (JLB)

1 judicial notice of the records of state agencies and other undisputed matters of

2 public record."). However, although the Court "may take judicial notice of the

3 existence of unrelated court documents . . . it will not take judicial notice of such

4 documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc.*

5 *Sec. Lit.,* 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).

6 **A. Defendant's Exhibits 1-6**

7 In support of its Motion, Defendant filed a request for judicial notice ("RJN")

8 related to the following six documents:

9 • Exhibit 1: State of Arizona's Motion to Intervene in *Gastelum v. Canyon*

10 *Hospital, LLC,* Case No. 18-16032 (9th Cir. June 22, 2018);

11 • Exhibit 2: State of Arizona's Motion to Intervene in *Advocates for*

12 *Individuals with Disabilities v. MidFirst Bank,* Case No. 2:16-cv-01969-

13 PHX-NVW, Dkt. 7-1 (Dec. 7, 2017);

14 • Exhibit 3: State Bar of Arizona's Complaint against Peter Strojnik, Case

15 No. PDJ 2018-9105 (Nov. 16, 2018);

16 • Exhibit 4: Peter Strojnik's Consent to Disbarment in the State of Arizona,

17 Case No. PDJ 2018-9105 (May 8, 2019);

18 • Exhibit 5: State Bar of Arizona's Judgment of Disbarment, Case No. PDJ

19 2018-9105 (May 10, 2019); and

20 • Exhibit 6: Plaintiff's Response to Court's Questions 1–4, in *Strojnik v. IA*

21 *Lodging Napa First LLC,* Case No. 4:19-cv-03983, Dkt. 56, 56-1

22 (March 21, 2020)[1].

23 All of the documents submitted by Defendant are properly subject to judicial

24 notice. Exhibits 1–6 all contain matters of public record, including documents filed

25

26

27 [1] Although Defendant's RJN specifically requests that this Court take judicial notice

28 of Exhibits 1–5 (Dkt. 15–3 at 2–3), Defendant also attaches, refers to, and relies on Exhibit 6 to the RJN. The Court interprets the RJN as including Exhibit 6.

1 in other federal courts or records derived from proceedings held by state agencies,
2 that are relevant to the issues addressed in this order.

3 **B. Defendant's Spreadsheet**

4     A court also "may take judicial notice on its own" of any "fact that is not
5 subject to reasonable dispute because it . . . can be accurately and readily
6 determined from sources whose accuracy cannot reasonably be questioned." Fed.
7 R. Evid. 201(b)–(c). This includes "proceedings in other courts . . . if those
8 proceedings have a direct relation to matters at issue." *Bennett v. Medtronic, Inc.,*
9 285 F.3d 801, 803 n.2 (9th Cir. 2002) (quoting *United States ex rel. Robinson*
10 *Rancheria Citizens Council v. Borneo,* 971 F.2d 244, 248 (9th Cir.1992)).

11     Here, Defendant attaches as Exhibit 1 to the Declaration of Philip Stillman a
12 spreadsheet displaying search results in PACER for ADA cases filed by Strojnik in
13 various federal district courts, including in California, since May 2018. (Dkt. 15–2
14 ("Stillman Decl.") at Ex. 1). Strojnik doesn't raise any dispute about this
15 spreadsheet, and he doesn't contest that he filed the cases listed in the
16 spreadsheet.

17     The Court takes judicial notice of Defendant's spreadsheet because
18 Strojnik's proceedings in other federal courts directly relate to the matter at issue
19 in this case and aren't subject to dispute.

20 **C. Plaintiff's Exhibits 1-10**

21     With his Opposition, Strojnik submits a Declaration with the following ten
22 exhibits attached. Strojnik doesn't seek judicial notice of these documents, but
23 nevertheless requests that the Court consider them in ruling on this Motion.

24   • Exhibit 1: Order Imposing Sanctions and Referring Counsel to Standing
25     Committee, Case No. 3:20-cv-02736-SK, Dkt. No. 20 (N.D. Cal. Aug. 21,
26     2020);

27   • Exhibit 2: Declaration of Philip H. Stillman In Support of Motion to Require
28     Plaintiff to Post a Costs Bond and Exhibits 1–3, *Strojnik v. President Hotel*

4

1       *Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS, Dkt. 35-2 (C.D.
2       Cal. May 21, 2020);

3     • Exhibit 3: Aug. 31, 2020 Email Exchange between Peter Strojnik and
4       Philip H. Stillman;

5     • Exhibit 4: June 11, 2020 Invoice, Stillman & Associates, *Strojnik v.*
6       *President Hotel Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS,
7       Dkt. 47-2 (C.D. Cal. June 11, 2020);

8     • Exhibit 5: Plaintiff's Objection to Defendant's Motion for Attorney's Fees
9       or Sanctions Pursuant to Rule 11, 28 U.S.C. §1927 and This Court's
10      Inherent Powers and Request for Limited Discovery, *Strojnik v. President*
11      *Hotel Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS, Dkt. 49 (C.D.
12      Cal. June 16, 2020);

13    • Exhibit 6: Dec. 13, 2017 Secretary of State Certificate of Dissolution,
14      *Strojnik v. President Hotel Investment, LLC*, Case No. 8:20-cv-00258-
15      DOC-ADS, Dkt. 49-1 (C.D. Cal. June 16, 2020);

16    • Exhibit 7: Declaration of Philip H. Stillman In Support of Motion to Require
17      Plaintiff to Post a Costs Bond and Exhibits 1–4, *Strojnik v. President Hotel*
18      *Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS (originally filed in
19      *Strojnik v. Woodside Hotel Group, LTD*, Case No. 5:20-cv-02304-NC, Dkt.
20      7-2 (N.D. Cal. June 3, 2020)), Dkt. 49-2 (C.D. Cal. June 16, 2020);

21    • Exhibit 8: Notice of Errata Re: Declaration of Philip Stillman in Support of
22      Defendant's Motion for Attorney's Fees or in the Alternative, For
23      Sanctions Pursuant to Rule 11, 28 U.S.C. §1927 and This Court's
24      Inherent Powers, *Strojnik v. President Hotel Investment, LLC*, Case No.
25      8:20-cv-00258-DOC-ADS, Dkt. 50 (C.D. Cal. June 17, 2020);

26    • Exhibit 9: Reply Declaration of Philip H. Stillman In Support of Motion for
27      Attorney's Fees, *Strojnik v. President Hotel Investment, LLC*, Case No.

28

1        8:20-cv-00258-DOC-ADS, Dkt. 51-1 (C.D. Cal. June 29, 2020); and

2    • Exhibit 10: *Megawine, Inc. v. Frank-Lin Distillers Products, LTD.,*

3        California Court of Appeals, Second District, Fourth Division (Oct. 24,

4        2016).

5  (Dkt. 16.)

6        The Court neither finds these exhibits the proper subject of judicial notice,

7  nor does the Court consider any of them relevant to the issues raised in

8  Defendant's Motion. In his Opposition, Strojnik scarcely responds to the substance

9  of Defendant's arguments. He opts instead to hurl accusations at defense counsel

10  and attack his character and professional standing. But Defendant's Motion

11  concerns the actions of Strojnik—not those of defense counsel—and at the motion

12  hearing, Strojnik couldn't articulate why these exhibits are relevant. As such, the

13  Court refrains from considering these exhibits in ruling on the Motion.

14  **II.    BACKGROUND**

15        Strojnik filed this action on October 16, 2019, alleging that he is "a veteran"

16  and a "legally disabled" person as defined by the ADA, California Disabled Persons

17  Act ("DPA"), and California Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 ¶¶ 1–3).

18  Strojnik alleged that he had intended on visiting the La Avenida hotel, which is

19  allegedly owned by Defendant and located at 1315 Orange Avenue in Coronado,

20  California, but he had encountered barriers to accessibility there that violated the

21  ADA. (*Id.* ¶¶ 15-16). The Court dismissed the original complaint without prejudice

22  due to various defects in it, including Strojnik's failure to properly invoke the Court's

23  jurisdiction and because the complaint lacked any clear factual allegations showing

24  what barriers existed in the La Avenida hotel. (Dkt. 3).

25        Strojnik then filed an amended complaint, but it suffered from many of the

26  same defects. (Dkt. 4). Strojnik additionally failed to complete service of process

27  within 90 days of the date he filed his amended complaint, as required by Fed. R.

28  Civ. P. 4(m), and hadn't taken any steps to prosecute his case other than to file an

1   incorrect proof of service. Strojnik was ordered to show cause why this action
2   shouldn't be dismissed for his failure to serve and for failure to prosecute. (Dkt.
3   13). Strojnik filed no response to the Court's order and the action was ultimately
4   dismissed without prejudice. (Dkt. 14).

5       Defendant now moves to declare Strojnik a vexatious litigant and has
6   requested that the Court enter a pre-filing order against him. (Dkt. 15). The Court
7   now analyzes Defendant's pending Motion.

8   **III.   MOTION TO DECLARE STROJNIK A VEXATIOUS LITIGANT**
9       **A. Legal Standard**
10      The All Writs Act, 28 U.S.C. § 1651(a), grants district courts the inherent
11  power to enter pre-filing orders against litigants who frequently abuse the judicial
12  system by filing lawsuits that are frivolous or harassing. *Molski v. Evergreen*
13  *Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Pre-filing orders include those
14  that "enjoin the litigant from filing further actions or papers unless he or she first
15  meets certain requirements, such as obtaining leave of the court or filing
16  declarations that support the merits of the case." *Weissman v. Quail Lodge, Inc.*,
17  179 F.3d 1194, 1197 (9th Cir. 1999). But pre-filing orders are an "extreme remedy"
18  and "[c]ourts should not enter pre-filing orders with undue haste because such
19  sanctions can tread on a litigant's due process right of access to the courts."
20  *Molski*, 500 F.3d at 1057.

21      **B. Discussion**
22      The Ninth Circuit has adopted a four-factor test to determine whether a pre-
23  filing review order is warranted. Specifically, a pre-filing review order may be
24  appropriate if: (1) the plaintiff was given adequate notice and an opportunity to
25  oppose the order; (2) there is an adequate record for review; (3) the Court makes
26  substantive findings as to the frivolous or harassing nature of the litigant's actions;
27  and (4) the order is narrowly tailored "to closely fit the specific vice encountered."
28  *Id.* (quoting *De Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir. 1990)).

1   Here, all four *De Long* factors have been satisfied and a finding that
2   Petitioner is a vexatious litigant is warranted.

### 1.   Notice

4   The first factor concerns whether the litigant in question has been afforded
5   proper notice of the potential order and given an opportunity to be heard. *Molski,*
6   500 F.3d at 1058 ("The first factor under *De Long* is whether Molski was given
7   notice and an opportunity to be heard before the district court entered the pre-filing
8   order. This is a core requirement of due process."). "[A]n opportunity to be heard
9   does not require an oral or evidentiary hearing on the issue. . . . The opportunity
10  to brief the issue fully satisfies due process requirements." *Pacific Harbor Capital,*
11  *Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

12  Defendant filed its Motion on September 14, 2020 (Dkt. 15), Strojnik had the
13  opportunity to respond to the Motion on September 23, 2020 (Dkt. 16), and Strojnik
14  presented oral argument at the motion hearing held on September 27, 2021.
15  Strojnik has therefore been given notice and an opportunity to be heard in
16  accordance with due process.

### 2.   Adequate Record for Review

18  The Court must provide a thorough record of the plaintiff's litigation history
19  before declaring the plaintiff to be a vexatious litigant. "An adequate record for
20  review should include a listing of all the cases and motions that led the district court
21  to conclude that a vexatious litigant order was needed." *De Long,* 912 F.2d at 1147.
22  An "injunction cannot issue merely upon a showing of litigiousness." *Id.* at 1148
23  (citation omitted). Instead, the record must at least "show, in some manner, that
24  the litigant's activities were numerous or abusive." *Id.* at 1147.

25  Defendant provides a listing of these cases in its Motion. (*See* Stillman Decl.
26  at Ex. 1.) That listing reflects search results in PACER for ADA cases filed by
27  Strojnik in federal district courts in California, Arizona, Colorado, Hawaii, Idaho,
28  New Mexico, Puerto Rico, Texas, and Washington. In California alone, Strojnik

1    has filed nearly 126 ADA cases since May 2018.[2]

2    • ADA cases filed in California district courts: 126

3        ○ Northern District: 42

4        ○ Eastern District: 27

5        ○ Central District: 34

6        ○ Southern District: 23

7    On this extensive record of Strojnik's ADA litigation in California federal

8    courts, the Court finds that there is an adequate record for review.

9    ### 3.    Frivolous Litigation History

10   The third requirement under the *De Long* analysis gets to the heart of the

11   matter—whether Strojnik's actions are frivolous or harassing. *De Long*, 912 F.2d

12   at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). "To decide

13   whether the litigant's actions are frivolous or harassing, the district court must look

14   at both the number and content of the filings as indicia of the frivolousness of the

15   litigant's claims." *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148)

16   (internal citations omitted). The court must consider the following five factors:

> 1) the litigant's history of litigation and in particular whether
> it entailed vexatious, harassing or duplicative lawsuits;
> (2) the litigant's motive in pursuing the litigation, e.g., does
> the litigant have an objective good faith expectation of
> prevailing?; (3) whether the litigant is represented by
> counsel; (4) whether the litigant has caused needless
> expense to other parties or has posed an unnecessary
> burden on the courts and their personnel; and (5) whether

---

[2] Defendant's spreadsheet lists 125 cases filed in California. However, per Fed. R. Evid. 201, the Court takes judicial notice on its own of an additional ADA case filed by Strojnik in the Northern District of California that isn't included in Defendant's spreadsheet: *Strojnik v. Cypress Inn Investors*, Case No. 3:19-cv-03981 (N.D. Cal., filed July 11, 2019).

1
2

> other sanctions would be adequate to protect the courts
> and other parties.

*Molski,* 500 F.3d at 1051 (quoting *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986)).

Strojnik's history of filing frivolous, near-identical disability access complaints in both state and federal court is not only extensive but also widely known among state and federal courts. In May 2019, Strojnik was disbarred by the State of Arizona for his "extortionate practice" of "filing thousands of frivolous ADA lawsuits" against small businesses in both state and federal courts between 2016 and 2018, causing "an enormous strain on the court system." (RJN, Ex. 3 at ¶¶ 3-4, 14; RJN, Ex. 5). The State Bar of Arizona noted that Strojnik had "pursued upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court." (RJN, Ex. 1 at 3). It further noted that "the State obtained dismissals of hundreds of state court proceedings in light of similar behavior and related standing failings" (RJN, Ex. 2 at 1), and it characterized Strojnik's activities as "one of the largest, and still ongoing, abuses of Arizona state and federal courts in history" (*id.*). On May 8, 2019, Strojnik consented to his disbarment as a member of the State Bar of Arizona (RJN, Ex. 4), and on May 10, 2019, the State Bar of Arizona issued a final Judgment of Disbarment against Strojnik (RJN, Ex. 5).

Strojnik was undeterred. Though no longer a licensed attorney, Strojnik continued filing ADA cases, but this time as a *pro se* plaintiff. His disability access complaints have largely included the same "boilerplate allegations that omit basic details necessary to establish standing." *Strojnik v. IA Lodging Napa First LLC,* No. 19-CV-03983-DMR, 2020 WL 2838814, at *11 (N.D. Cal. June 1, 2020). Indeed, courts have acknowledged that Strojnik "files near identical lawsuits, save a few photographs and name changes," *Strojnik v. SCG Am. Constr. Inc.,* No. SACV191560JVSJDE, 2020 WL 4258814, at *7 (C.D. Cal. Apr. 19, 2020), and that

1   "Strojnik has continued to file formulaic complaints that fail to allege Article III
2   standing, despite being on notice from multiple courts in every federal district in
3   California that his pleading practices are inadequate." *Strojnik v. IA Lodging Napa*
4   *First LLC*, 2020 WL 2838814, at *12. Although he is a former attorney with
5   significant experience with ADA claims, Strojnik persists in pleading "vague"
6   allegations and he "repeatedly fails to allege how alleged barriers violate the ADA
7   or affected him based on his specific disabilities." *Id.* at *11.

8        Moreover, it has already been acknowledged that Strojnik "has settled the
9   majority of his cases early in litigation, either before the defendant has appeared
10  or soon thereafter. This pattern of early settlements may indicate an intent to
11  extract quick case settlements." *Id.* at *10. Strojnik himself admitted to the court in
12  *Strojnik v. IA Lodging Napa First LLC* that the gross total amount he had received
13  in settlement until that point was $249,079. *Id.* at *7. And where his cases haven't
14  settled, Strojnik's near-identical complaints (such as the one filed in this case) have
15  either been dismissed—many with prejudice—for failure to allege standing or for
16  other reasons, including failure to prosecute and/or failure to comply with court
17  orders. *See e.g.*, *Strojnik v. San Diego Farah Partners, L.P.*, No. 20CV358-LAB
18  (BGS), 2021 WL 778652, at *5 (S.D. Cal. Mar. 1, 2021) (dismissing Strojnik's
19  complaint for failing to plausibly state a claim and for failing to allege standing);
20  *Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-CV-02210-BAS-MSB, 2020 WL
21  3250608, at *5 (S.D. Cal. June 16, 2020) ("At this point, Mr. Strojnik is on notice
22  what needs to be alleged to establish standing and yet he has not done so in this
23  case. The Court can only conclude that he has not done so because he cannot do
24  so. Therefore, the Court dismisses Count One with prejudice."); *Strojnik v. DMD*
25  *Lodging, Inc.*, Case No. 20-cv-00064-DOC-JDE, Docket No. 11 (C.D. Cal. Apr. 1,
26  2020) (dismissing complaint for failure to prosecute and comply with court orders);
27  *Strojnik v. Classic Hotels & Resorts LLC*, Case No. 19-cv-05149-LHK, Docket No.
28  11 (N.D. Cal. Jan. 3, 2020) (dismissing complaint for failure to prosecute).

1    As a result of his bad faith conduct, Strojnik was declared a vexatious litigant
2  in both the Northern District and Central District of California. *Id.* (granting the
3  defendant's motion to declare Strojnik a vexatious litigant and finding that
4  "Strojnik's pleading practices waste the resources of the court and 'impose[ ]
5  unjustified costs on parties who are forced to defend loosely pleaded complaints
6  that do not allege specific facts about their misconduct'") (internal citations
7  omitted); *Strojnik v. SCG Am. Constr. Inc.*, 2020 WL 4258814, at *7 (declaring
8  Strojnik a vexatious litigant and noting that "Strojnik should be very well aware of
9  the type of conduct that is permissible, yet despite repeated questioning of his
10  intentions, he continues to file countless ADA cases in an effort to obtain money
11  from his victims"). Both courts entered pre-filing orders against Strojnik, thereby
12  limiting his ability to file ADA complaints in those courts in the future.
13    And yet, Strojnik has persisted in filing duplicitous and frivolous complaints.
14  Multiple courts in the Southern District have cautioned Strojnik against his actions,
15  but to no avail. *See e.g., Strojnik v. San Diego Farah Partners, L.P.*, No. 20CV358-
16  LAB (BGS), 2021 WL 778652, at *4 (S.D. Cal. Mar. 1, 2021) ("As Strojnik has been
17  told before, he must also plead facts showing that an alleged ADA violation affects
18  him because of his disability. The fact that it could affect some other disabled
19  person does not afford him Article III standing."); *Strojnik v. Vill. 1017 Coronado,*
20  *Inc.,* No. 19-CV-02210-BAS-MSB, 2020 WL 3250608, at *4 (S.D. Cal. June 16,
21  2020) ("Plaintiff, both as a lawyer in Arizona, and now acting *pro se,* has filed
22  identical allegations in multiple courts and has been repeatedly told that the
23  allegations are insufficient for standing."); *Strojnik v. Braemar P'ship*, No. 19-CV-
24  01446-BAS-AHG, 2020 WL 3250184, at *1 (S.D. Cal. June 16, 2020) ("Plaintiff,
25  proceeding *pro se,* has filed thousands of disability discrimination lawsuits against
26  hotel defendants in state and federal courts.") (internal citations omitted).
27    Strojnik claims to be a champion of disability rights—but a champion he most
28  certainly is not. The fact that his complaints have overwhelmingly been dismissed

1   or have settled very early on in the litigation indicates to the Court that he is aware

2   he doesn't have a good-faith basis for bringing these claims, and yet he does so

3   anyway with the intention of harassing defendants and extorting settlements out of

4   them. The sheer number of deficient complaints filed by him has not only imposed

5   a significant strain on the court system, but it has also resulted in the harassment

6   of numerous establishments across various jurisdictions. Strojnik is well aware that

7   his frivolous lawsuits waste the courts' time and cause inconvenience to third

8   parties, and it is abundantly apparent that he simply doesn't care. Strojnik's utter

9   disregard for court orders and basic pleading requirements is nothing short of an

10  abuse of the judicial process, and he shouldn't be permitted to continue with this

11  exploitative behavior.

12                    **4.    Narrowly Tailored Pre-Filing Order**

13          Finally, the pre-filing order "must be narrowly tailored to the vexatious

14  litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. Defendant requests that the

15  Court "impos[e] a pre-filing Order on [Strojnik] in the Southern District." (Dkt. 15 at

16  1:5-6). The Court disagrees with Defendant's suggestion that the pre-filing order

17  should apply to any action filed by Strojnik. Instead, the Court limits the pre-filing

18  order to future claims brought by Strojnik in the Southern District of California under

19  the ADA and concerning access to public accommodations.

20  **II.    REQUEST FOR ATTORNEY'S FEES**

21          Defendant requests that it be awarded attorney's fees incurred in connection

22  with Defendant's motion to declare Strojnik a vexatious litigant subject to a pre-

23  filing order. Defendant provides billing records justifying its claim that the lodestar

24  for preparing and defending this Motion is $11,400 (Stillman Decl. at ¶¶ 16–18),

25  as well as a "Real Rate Report" from September 2018 showing the average rates

26  for partners in San Diego (*id.* at Ex. 3). The Court finds the rate of $500 an hour is

27  the prevailing rate for an attorney of Mr. Stillman's qualifications and experience in

28  San Diego, and, having reviewed the billing record entries, finds the hours spent

1   defending this action to be reasonable. *See Sam K. ex rel. Diane C. v. Hawaii Dep't*

2   *of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (considering "satisfactory evidence

3   of the prevailing market rates" and permitting district courts to "use their own

4   knowledge of customary rates and their experience concerning reasonable and

5   proper fees" when determining attorney's fees) (internal citations and quotations

6   omitted). Defendant's request for attorney's fees is **GRANTED**.

7      **III.**    **CONCLUSION**

8        Defendant's motion to declare Strojnik a vexatious litigant subject to a pre-

9   filing order is **GRANTED IN PART AND DENIED IN PART**. Strojnik is enjoined

10   from filing any civil action in the Southern District of California that alleges a cause

11   of action for a violation of the ADA without first obtaining certification from this

12   Court that his claims plausibly allege Article III standing and are not frivolous or

13   asserted for an improper purpose. To the extent Strojnik wishes to file a complaint

14   that challenges access to public accommodations, Strojnik must provide a copy of

15   the complaint, a letter requesting that the complaint be filed, and a copy of this

16   order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and

17   copy of this order to this Court for a determination of whether the complaint should

18   be accepted for filing.

19        Defendant's request for attorney's fees is additionally **GRANTED**. Strojnik is

20   ordered to pay the requested amount of $11,400 to Defendant by cashier's check

21   by **October 6, 2021**. **Strojnik will be subject to a contempt hearing and**

22   **sanctions if he violates this Order, and any action filed in violation of this**

23   **Order will be subject to dismissal.**

24        **IT IS SO ORDERED**.

25   Dated:  September 29, 2021

26                          Honorable Larry Alan Burns

27                          United States District Judge

28

3:19-cv-1991-LAB (JLB)

## UNITED STATES
## POSTAL SERVICE®

PRIORITY MAIL
POSTAGE REQUIRED

# PRIORITY®
# MAIL

- Date of delivery specified for domestic
- USPS TRACKING™ included to many m international destinations.
- Limited international insurance.
- Pick up available.
- Order supplies online.
- When used internationally, a customs declaration may be required.



**UNITED STATES POSTAL SERVICE**

Retail

**US POSTAGE PAID**

**P**

**$10.10**

Origin: 85122
10/02/21
0312210160-1

### PRIORITY MAIL 2-DAY®

1 Lb 4.10 O

1000

EXPECTED DELIVERY DAY: 10/05/21

C037

SHIP TO:
333 W BROADWAY
San Diego CA 92101-3802

**USPS TRACKING® #**

9505 5116 3564 1275 7657 02

### RECEIVED

OCT 0 4 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**FROM:**

Fernando Gastelum
209 West 9th Street
Casa Grande, AZ 85122

**TO:**

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

## MAILING ENVELOPE

TYVEK® IS RECYCLABLE.
HDPE   ©2002, DUPONT™ AND TYVEK® ARE TRADEMARKS OF DUPONT.

DuPont™ Tyvek®
Protect What's Inside™

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14 © U.S. Postal Service; October 2018; All rights reserved.

Please

PRESS FIRMLY TO SEAL

PRESS FIRMLY



PS00000000013

EP14 Oct 2018
OD: 11 5/8 x 15 1/8



To schedule free
Package Pickup,
scan the QR code.

**USPS.COM/PICKUP**