UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FERNANDO GASTELUM,

                                     Plaintiff,

v.

PINNACLE HOTEL CIRCLE LP, dba
Comfort Inn and Suites San Diego Zoo
SeaWorld Area,

                                     Defendant.

Case No.:  21-CV-1458 JLS (DEB)

**ORDER (1) DENYING DEFENDANT'S
REQUEST FOR JUDICIAL NOTICE;
(2) DENYING AS MOOT
DEFENDANT'S EVIDENTIARY
OBJECTIONS; AND (3) GRANTING
DEFENDANT'S MOTION TO
DISMISS**

(ECF Nos. 3, 3-4, 8)

Presently before the Court are Defendant Pinnacle Hotel Circle LP's Motion to Dismiss for Lack of Standing ("Mot.," ECF No. 3) and Request for Judicial Notice ("RJN," ECF No. 3-4).  Plaintiff Fernando Gastelum filed an Opposition to the Motion ("Opp'n," ECF No. 6) and the Declaration of Fernando Gastelum ("Gastelum Decl.," ECF No. 6 at 9–16), and Defendant filed a Reply in Support of the Motion ("Reply," ECF No. 7) and Evidentiary Objections to Plaintiff's Declaration ("Objs.," ECF No. 8).  The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 9.  Having carefully reviewed Plaintiff's Complaint ("Compl.," ECF No. 1), the Parties' arguments, and the law, the Court **DENIES** Defendant's Request for Judicial

Notice, **DENIES AS MOOT** Defendant's Evidentiary Objections, and **GRANTS** the Motion.

## BACKGROUND

Plaintiff is sixty-one years old, is missing a leg, and must use a wheelchair for mobility. Compl. ¶ 1. Plaintiff does not allege where he resides in the Complaint; however, the caption of his Complaint lists Plaintiff's address as being in Casa Grande, Arizona. *Id.* at 1; *see also* Docket (identifying Casa Grande, Arizona, as Plaintiff's mailing address). Defendant owns or operates a hotel located at 2485 Hotel Circle Place, San Diego, California 92108 (the "Hotel"). Compl. ¶ 2. Plaintiff visited the Hotel on July 2, 2021, at which time he discovered it was compliant with neither the Americans with Disabilities Act ("ADA") nor state law. *Id.* ¶¶ 3–4. Specifically, the Hotel's access aisle slope is too steep and does not connect to an accessible route, and a curb ramp is located on the accessible parking access aisle. *Id.* ¶ 4(a)–(c). These conditions denied Plaintiff equal access to the Hotel. *Id.* ¶ 5. Plaintiff notes he will not "want to revisit" to the Hotel "because it is not fully compliant with the Americans with Disabilities Act and the California's civil rights laws and California civil rights laws." *Id.* ¶ 6. Plaintiff requests an injunction requiring Defendant to comply with state and federal law, his costs and expenses, and "[d]amages under California law for $4,000 per violation." *Id.* at 2 ("Relief I Request").

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, as such, have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). Because the issue of standing pertains to the subject-matter jurisdiction of a federal court, motions raising lack of standing are properly brought under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The plaintiff bears the burden of establishing he has standing to bring the claims asserted. *Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996); *see also In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) ("The party

asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction.").

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

## ANALYSIS

Here, Defendant argues that Plaintiff lacks standing because he does not allege a bona fide intent to return to the hotel.[1] *See* Mot. at 5–9. Accordingly, the Court will assume the truth of Plaintiff's factual allegations and draw all reasonable inferences in favor of Plaintiff.[2] *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005); *Safe Air for Everyone*, 373 F.3d at 1039.

## I. Standing

"A party invoking federal jurisdiction has the burden of establishing that [he] has satisfied the 'case-or-controversy' requirement of Article III of the Constitution; standing is a 'core component' of that requirement." *D'Lil v. Best W. Encina Lodge & Suites*, 538

---

[1] Additionally, Defendant makes a factual attack on Plaintiff's Complaint. *See generally* Mot. Defendant argues that Plaintiff's Complaint "misrepresent[s] his disabilities and the barriers that he claims to have experienced." Mot. at 1. Defendant argues that Plaintiff is not exclusively a wheelchair user because he "also uses a cane." *Id.* at 16. Defendant contends that Plaintiff "might have had a part of his left leg amputated, [but] he was certainly walking without any difficulty at all[.]" *Id.* Defendant also attacks Plaintiff's credibility, *see id.* at 12–15, and requests the Court take judicial notice of Plaintiff's litigation history in federal court and complaints he filed in other actions, *see* RJN. As the Court finds that Plaintiff has not pleaded adequate facts to establish standing or state a claim under the ADA or the Unruh Act on the face of the Complaint, *see infra*, the Court declines to reach these arguments and **DENIES** Defendant's Request for Judicial Notice (ECF No. 3-4).

[2] In light of this, the Court need not, and thus declines to, consider any evidence outside of Plaintiff's Complaint, including the Declaration of Fernando Gastelum, which aims to substantiate various allegations in the Complaint. *See generally* Gastelum Decl. As the Court does not rely on Plaintiff's Declaration, the Court therefore **DENIES AS MOOT** Defendant's Evidentiary Objections to Plaintiff's Declaration (ECF No. 8).

F.3d 1031, 1036 (9th Cir. 2008) (citation omitted).  Further, courts "have an independent obligation 'to examine jurisdictional issues such as standing [sua sponte].'"  *Wilson v. Lynch*, 835 F.3d 1083, 1091 (9th Cir. 2016) (alteration in original) (quoting *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)).  "Only injunctive relief is available under Title III of the ADA."  *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017).  To establish standing to seek injunctive relief, a plaintiff must show that "he [i]s likely to suffer future injury."  *See City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983).  "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility."  *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).  "'[S]ome day' intentions [to return to a noncompliant facility] . . . are insufficient to establish standing."  *Barnes*, 2017 WL 635474, at *7.  An ADA plaintiff therefore "lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine."  *Chapman*, 631 F.3d at 953.  Further, an ADA plaintiff cannot establish standing by alleging an injury "based only on conclusory statements unsupported by specific facts."  *Barnes*, 2017 WL 635474, at *7.

Here, Plaintiff has failed to allege an intent to return to the Hotel.  *See generally* Compl.  Accordingly, Plaintiff lacks standing, and therefore the Court lacks subject-matter jurisdiction over Plaintiff's ADA claim and must dismiss it.  *See Langer v. YM Holdings, LLC*, No. 18-CV-1114 JLS (KSC), 2020 WL 3498165, at *4 (S.D. Cal. June 29, 2020) (dismissing ADA complaint for lack of subject-matter jurisdiction premised on lack of standing).

The Court further notes that, even if Plaintiff cures this basic pleading deficiency, issues may persist later in this action with regard to establishing a genuine intent to return, given that the Hotel is located in San Diego, California, *see* Compl. ¶ 2, while Plaintiff apparently resides some distance away in Casa Grande, Arizona.  "In determining whether a plaintiff's likelihood of return is sufficient to confer standing, courts have examined factors including: (1) the proximity of the business to the plaintiff's residence, (2) the

plaintiff's past patronage of the business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1106 (N.D. Cal. 2017) (citation and footnote omitted). When evaluating whether the intent to return is genuine, "a court must engage in a fact-intensive inquiry to determine whether the plaintiff . . . would return to the establishment if the establishment were compliant with the ADA." *Vogel v. Salazar*, No. SACV 14-00853-CJC (DMFx), 2014 WL 5427531, at *2 (C.D. Cal. Dec. 9, 2014).

Unlike cases in which courts typically find a genuine intent to return, Plaintiff has not pled specific facts evidencing a genuine desire to return to the Hotel. *Compare, e.g.*, *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008) (holding plaintiff had standing where he alleged he had visited a store on ten to twenty prior occasions, the store was near his favorite fast food restaurant in Anaheim, he visited Anaheim at least once a year, and he was deterred from visiting the store because of accessibility barriers), *and Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1079 (D. Haw. 2000) (finding future injury likely where plaintiff lived close to the restaurant, enjoyed the taste of a restaurant's food, had visited other restaurants in the chain, and intended to visit the restaurant in the future), *with Vogel*, 2014 WL 5427531, at *2 (plaintiff lacked standing where he "merely attest[ed] that because of 'physical and intangible' barriers, he has been 'deterred' and 'continues to be deterred from visiting the Restaurant'"), *and Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1342 (E.D. Cal. 2020) (finding plaintiff lacked standing to bring ADA claim against hotel when he did not allege concrete plans to travel to the property). Plaintiff gives no reasons why he would return to San Diego, or why he would patronize Defendant, rather than neighboring hotels. Indeed, Plaintiff offers no factual details showing an intent to patronize the Hotel in the first instance, making his allegation wholly conclusory. *Cf. Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (finding standing where plaintiff alleged a preference to shop at the defendant's grocery stores over other grocery chains). Given the conclusory nature of

///

Plaintiff's allegations, the Court finds that Plaintiff has not demonstrated a genuine intent to return as a customer.

Plaintiff contends that even if he has not shown an intent to return as a customer, he may still show what is known as "tester standing." *See* Opp'n at 2. Regardless of Plaintiff's motivation, "tester status, alone, is not enough to confer standing." *See Johnson v. Alhambra & O Assocs.*, No. 2:19-CV-00103-JAM-DB, 2019 WL 2577306, at *3 (E.D. Cal. June 24, 2019) (discussing ADA standing under *C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093 (9th Cir. 2017)). Thus, even if Plaintiff is alleging tester standing, he must still show an "intent to visit [Comfort Inn and Suites San Diego Zoo SeaWorld Area] once they provide [accessible parking and an accessible pathway] for the disabled . . . ." *See C.R. Educ. & Enf't Ctr.*, 867 F.3d at 1099. Indeed, the Ninth Circuit implied that even when tester standing is alleged, district courts must make a "case-by-case" determination of whether a plaintiff's injury is imminent, including "whether a plaintiff suing under the ADA . . . was likely to actually visit" the complained of business. *See id.* at 1100 (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013) (noting various factors to determine whether a plaintiff had intent to return, "including prior visits, proximity of residence to store, plans for future visits, and status as an 'ADA tester who has filed many similar lawsuits'")).

As with Plaintiff's motivation to return as a customer, the Court finds Plaintiff's intent to return as a tester to be lacking. Plaintiff gives no specific reason to visit the Hotel, even for the sole purpose of assessing compliance. *Cf. Houston*, 733 F.3d at 1336 (finding ADA tester was likely to return to noncompliant business because it was located near the plaintiff's lawyer's office, and plaintiff intended to visit the office "in the near future"). Notably, Plaintiff appears to be a resident of Arizona, *see* Compl. at 1, making it impossible for the Court to determine whether his proximity to the business makes it likely he will "return to the business to assess ongoing compliance with the ADA." *See D'Lil*, 538 F.3d at 1037 (noting that where a plaintiff's home is far from the public accommodation, he must "demonstrate[ ] an intent to return to the geographic area where the accommodation

is located"). Because Plaintiff has not alleged a sufficient intent to return, the Court finds that Plaintiff has failed to allege standing.

Having found that Plaintiff lacks standing to pursue his ADA claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim(s). *See, e.g.*, *Barnes*, 2017 WL 635474, at *13 (declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over remaining state law claim after dismissing ADA claim for lack of standing).

## II.    ADA Claim

Even were standing not an issue, Plaintiff fails to state a claim under the ADA. Title III of the ADA prohibits discrimination by places of public accommodation. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Where, as here, the plaintiff seeks to establish discrimination based on an architectural barrier, "the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr*, 96 F. Supp. 2d at 1085 (citing *Gilbert v. Eckerd Drugs*, No. CIV. A. 97–3118, 1998 WL 388567, at *2 (E.D. La. July 8, 1998)).

First, the ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Walking is considered a "major life activit[y]." 42 U.S.C. § 12102(2)(A). Plaintiff is missing a leg and must use a wheelchair for mobility, Compl. ¶ 1, and therefore he alleges that he is disabled within the meaning of the ADA. *See, e.g.*, *Lozano v. C.A. Martinez Fam. Ltd. P'ship*, 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015) (concluding plaintiff who could not walk and used a wheelchair for mobility was "disabled" within the meaning of the ADA).

Second, Plaintiff adequately alleges that Defendant's Hotel is a place of public accommodation.  Plaintiff asserts that Defendant owns or operates the Hotel, *see* Compl. ¶ 2, and "an inn, hotel, motel, or other place of lodging" is a place of public accommodation as defined within the ADA.  42 U.S.C. § 12181(7)(A).

As to the third and final element, Plaintiff alleges that he was denied access to the Hotel due to ADA-prohibited architectural barriers.  *See, e.g.*, Compl. ¶ 4(a) (alleging curb ramp is located on accessible parking access aisle); 36 C.F.R. Pt. 1191, App. D, § 406.5 (requiring curb ramps to not project into parking access aisles); Compl. ¶ 4(b) (alleging access aisle does not connect to an accessible route); 36 C.F.R. Pt. 1191, App. D, § 502.3 (requiring access aisles to adjoin to an accessible route); Compl. ¶ 4(c) (alleging access aisle slope is too steep); 36 C.F.R. Pt. 1191, App. D, § 502.4 (requiring access aisle be the same level as the parking spaces it serves).  However, Plaintiff fails to allege that removal of these barriers is readily achievable.  *See generally* Compl.  Accordingly, Plaintiff fails to state a claim under the ADA.

## III.   State Law Claim(s)

Plaintiff references violations of California law but does not specifically identify the law(s) at issue.  Given, however, Plaintiff's request for "[d]amages under California law for $4,000 per violation," Compl. at 2, the Court presumes Plaintiff seeks to assert a claim under California's Unruh Act.  *See* Cal. Civ. Code § 52 (providing statutory damages of $4,000 for violations of, *inter alia*, the Unruh Act).

The Unruh Act states that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  A violation of the ADA is also necessarily a violation of the Unruh Act.   Cal. Civ. Code § 51(f); *Vogel*, 992 F. Supp. 2d at 1011.  Because Plaintiff does not sufficiently allege an ADA claim, *see supra* Section II, he also fails to allege an Unruh Act claim.

///

1

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Request for Judicial Notice (ECF No. 3-4), **DENIES AS MOOT** Defendant's Evidentiary Objections (ECF No. 8), and **GRANTS** Defendant's Motion to Dismiss (ECF No. 2).  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1).  The Court grants Plaintiff <u>thirty (30) days</u> from the date on which this Order is electronically docketed in which to file an amended complaint curing the deficiencies of pleading noted herein.  Should Plaintiff fail to file an amended complaint in accordance with this Order, the Court will enter a final order dismissing this civil action without prejudice based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  May 20, 2022

Hon. Janis L. Sammartino
United States District Judge