JUN - 0 1 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    ALNS                    DEPUTY

Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fernando Gastelum,<br><br>        Plaintiff,<br><br>vs.<br><br>Pinnacle Hotel Circle LP<br>dba Comfort Inn and Suites San<br>Diego Zoo Sea World Area,<br><br>        Defendant. | Case No.: 21-CV-1458 JLS (DEB)<br><br>**VERIFIED FIRST AMENDED COMPLAINT** |

Plaintiff Fernando Gastelum complains and alleges as follows:

## PARTIES

1. Plaintiff is a 61 year old man with physical disabilities. Plaintiff is economically disadvantaged[1]. Plaintiff is missing a leg. Plaintiff uses a wheelchair for mobility when locations are wheelchair accessible and a prosthetic leg and a cane when the location is not wheelchair accessible. Plaintiff has a specially equipped sport utility vehicle.

2. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use.

---

[1] Plaintiff has been declared a pauper by the Southern California District in *Gastelum v. HEES II* (S.D. 3:21-cv-01337-JLS-RBB) Dkt. at 3. Notably, Southern District accepted Plaintiff's Amended Complaint as adequate pursuant to 28 U.S.C. § 1915(e)(2) (relating to screening of In Forma Pauperis Complaints). Dkt. at 9. The current Verified First Amended Complaint not only meets, but exceeds, the standing allegations in the *HEES II.*

3. The use of a wheelchair is Plaintiff's preferred method of dealing with his disability.

4. Where the locations are not designed for the use of a wheelchair, Plaintiff must use his prosthetic leg and a cane to move short distances in order to navigate barriers to accessibility with great pain and discomfort; walking on the prosthesis is painful, uncomfortable, and causes the prosthesis to rub against Plaintiff's skin. When Plaintiff uses the prosthetic, his leg sweats which in turn loosens the prosthetic sleeve that begins to slip back and forth. Plaintiff can no longer walk then. This requires Plaintiff to stop, remove the prosthetic leg, let the sleeve dry up, and then put the prosthetic leg back on again. Even with the use of the prosthesis and a cane, Plaintiff's ability to negotiate mobility barriers alleged in this complaint is severely restricted.

5. The use of a wheelchair is Plaintiff's preferred method of dealing with his disability. The use of the prosthesis and a cane is a secondary way of moving because it causes secondary problems. The use of the prosthesis and a cane for short distances limits the use of Plaintiff's arms and hands because the right arm and hand are used for the cane and cannot be used, as for example, when opening doors. Door opening requires the use of two hands: one to turn the handle, the other to push the door open. Additionally, Plaintiff cannot use his body to lean into a door to open it because that causes additional stress on the prosthetic leg. Further, walking on sloped ground with the prosthesis and a cane restricts Plaintiff from maintaining balance and endangers him to falling down.

6. Defendant owns a public accommodation located at or about 2485 Hotel Circle Place, San Diego, California 92108 ("Hotel").

7. The Hotel is open to the public, a place of public accommodation, and a business establishment.

///

2

**JURIDICTION AND VENUE**

8. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

9. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

10.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

**A. Plaintiff's Connections to California, the Pacific Coast, San Diego and Hotel Circle**

12.     Plaintiff's family comes from California. Plaintiff's mother's family comes from  Shafter, and his family is located throughout California including Bakersfield, Fresno, San Jose, Modesto and Merced.

13.     Plaintiff currently resides in Casa Grande, Arizona, which is the only place where he can afford housing. But for available housing, Plaintiff would prefer to live in California which is closer to his friends, family, the Pacific Coast and the chapters of 49ers Faithful Empire Club.

14.     Plaintiff enjoys California's Pacific Coast and travels there often with his family.

15.     San Diego is the gateway to California's Pacific Coast and the closest Pacific beach to Casa Grande.

16.     San Diego is the location of the world famous SeaWorld which is the closest sea park to Casa Grande.

17.     Plaintiff has visited SeaWorld 20-30 time in the past.

18.     SeaWorld is an educational park where Plaintiff takes his family.

19.    Plaintiff has visited  the area and the location where the Hotel is situated innumerable times, in no event less than 30-40 times.

20.    Even though Plaintiff resides in Arizona for economic reasons, Plaintiff is an ardent fan of the San Francisco 49ers as demonstrated by his prosthetic leg:



21.    Plaintiff is a member of the 49ers Faithful Empire Club with chapters all over California, including San Diego.

22.    The 49ers Faithful Empire Club members regularly meet and  in season and off season for social barbecues.

23.    Plaintiff prefers lodging in budget hotels like the Comfort Inn & Suites San Diego - Zoo SeaWorld Area because they provide lodging services at low price but are generally clean.

24.    Plaintiff stops in the San Diego / Hotel Circle area on at least 2-4 times per year to lodge, eat or attend a 49ers Empire SoCal barbecue, or on his way to Los Angeles and Northern California.

25.    Hotel Circle provides an excellent lodging stop before turning onto Interstate 5 from Interstate 8 traveling North to Los Angeles and Northern California.

26.    The Hotel is also convenient to Plaintiff  because it is located within a short distance of numerous budget eateries.

27.    The Hotel is also convenient to Plaintiff  because it is located within a short distance to SeaWorld which Plaintiff has visited numerous time in the past and which he intends to visit again with his grandkids.

28.    Plaintiff intends to lodge at Hotel Circle in San Diego when he attends the San Diego 49ers Empire Club social events, travels to Los Angeles or Northern California.

**B. Plaintiff's Visit to the Hotel and his Encounter with Barriers**

29.    Plaintiff visited the Hotel on July 2, 2021 with the intention to avail himself of its lodging services.

30.    The Hotel is located in San Diego. San Diego is on California's Pacific Coast.

31.    The Hotel is conveniently located close to SeaWorld.

32.    When Plaintiff wishes to visit the Pacific Coast, he must travel to San Diego which is the closest Pacific Costs city to Casa Grande. All roads to California's Pacific Coast from Casa Grande lead through San Diego.

33.    The Hotel is conveniently located on Interstate 8 that runs between Casa Grande and the Pacific Coast.

34.    Unfortunately, on the date of the plaintiff's visit, Plaintiff discovered that the Hotel was not compliant with the disability access laws in conformance with the ADA Standards as it relates to wheelchair users like Plaintiff:

   a. Curb ramp was located on the accessible parking access aisle. This condition makes it more difficult for Plaintiff to maintain control of the wheelchair when exiting the car.

5

b. Access aisle did not connect to an accessible route. This condition makes it more difficult for Plaintiff to access the Hotel lobby.

c. Access aisle slope was too steep. This condition makes it more difficult for Plaintiff to control the wheelchair when using the access isle.

35.    These barriers relate to and impact Plaintiff's disability. Plaintiff personally encountered these barriers.

36.    Remediation of the barriers listed above is readily achievable, that is, the remediation can be easily accomplished and able to be carried out without much difficulty or expense.

37.    As a wheelchair user, Plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

38.    The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

39.    Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

40.    The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

**C. Plaintiff's Past and Planned Future Visits to San Diego and the Hotel**

41.    Plaintiff intends to return to San Diego / Hotel Circle to stay there and enjoy San Diego's access to the Pacific Coast at a specific time in the fall of 2022.

42.    Plaintiff intends to visit San Diego and SeaWorld at a specific time in the spring of 2023 with his family.

43.    Plaintiff will return to San Diego for scheduled 49ers Faithful Empire Club social barbecues.

44.   On the basis of his experience with the Hotel, and its refusal to intentionally and without good cause (1)  fail to modify its policies, practices or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 42 U.S.C. § 12182(b)(2)(A)(ii); and (2) fail to remove architectural barriers where such removal is readily achievable in violation of 42 U.S.C. § 12182(b)(2)(A)(iv), Plaintiff alleges that the Hotel poses an existential and immediate threat to the equality and equity in the public space.

45.   As a result, Plaintiff is deterred from staying at the Hotel.

46.   Plaintiff will return to the Hotel Circle to lodge there once it is represented to him that the Hotel is accessible to him. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

47.   Plaintiff will return to the Hotel to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Hotel is accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

**First Cause Of Action: Violation Of The Americans With Disabilities Act**
(42 U.S.C. section 12101, et seq.)

48.   Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

49.   Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

7

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Hotel are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

50. When a public accommodation provides accessible facilities for persons, it must do so for all persons, both fully abled and disabled.

51. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

52. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

### Second Cause Of Action: Violation Of The Unruh Civil Rights Act
(Cal. Civ. Code § 51-53.)

53. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind

1  whatsoever within the jurisdiction of the State of California. Cal. Civ. Code

2  §51(b).

3  54.   The Unruh Act provides that a violation of the ADA is a violation of the

4  Unruh Act. Cal. Civ. Code, § 51(f).

5  55.   Defendants' acts and omissions, as herein alleged, have violated the

6  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

7  rights to full and equal use of the accommodations, advantages, facilities,

8  privileges, or services offered.

9  56.   Because the violation of the Unruh Civil Rights Act resulted in difficulty,

10  discomfort or embarrassment for the plaintiff, the defendants are also each

11  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

(c).)

12  

13  **Third Cause of Action - Violation Of The Disabled Persons Act**
(Cal. Civ. Code §§54-54.3)

14  57.   Plaintiff realleges all allegations heretofore set forth.

15  58.   Defendants have violated the DPA by denying Plaintiff equal access to its

16  public accommodation on the basis of his disability as outlined above.

17  59.   The DPA provides for monetary relief to "aggrieved persons" who suffer

18  from discrimination on the basis of their disability.

19  60.   Plaintiff has been aggrieved by each Defendant's non-compliance with the

20  DPA.

21  61.   Pursuant to the DPA, Plaintiff is further entitled to such other relief as the

22  Court considers appropriate, including monetary damages in an amount to be

23  proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

24  62.   Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven

25  at trial. Cal. Civ. Code § 54.3.

26  WHEREFORE, Plaintiff demands judgment against Defendant as follows:

27  a. A Declaratory Judgment that at the commencement of this action each

28  Defendant was in violation of the specific requirements of Unruh; and

9

b. Irrespective of each Defendant's "voluntary cessation" of the ADA and Unruh violation, if applicable, a permanent injunction which directs each Defendant to take all steps necessary to bring its facilities into full compliance with the law, so that the Defendants' Hotels are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after each Defendant certifies that its Hotel is fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA and Unruh violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with Unruh and ADA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## **PRAYER FOR RELIEF**

63. Plaintiff prays for relief as follows:

a. For injunctive relief compelling Defendant to comply with the Americans with Disabilities Act and the Unruh Act.

b. For injunctive relief compelling Defendant to make reasonable modifications in its policies, practices, or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

c. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each encounter with barriers.

d. For all other relief to which Plaintiff is entitled.

e. For costs of suit and litigation expenses pursuant to 42 U.S.C. §12205.

f. For such other and further relief as Plaintiff may be entitled to.

### Request For Trial By Jury

Plaintiff requests a trial by a jury for jury triable issues.

### Verification

Plaintiff verifies under the penalty of perjury that the above statements of fact are true and correct to the best of his knowledge, information, memory or belief.

RESPECTFULLY SUBMITTED this 24th day of May, 2022.

Fernando Gastelum