Name: Fernando Gastelum
Address: 209 W. 9ᵗʰ Street, Casa Grande, AZ 85122
Telephone Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

FILED

JUL 0 5 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHER DISTRICT OF CALIFORNIA

Fernando Gastelum,

      Plaintiff,

vs.

Pinnacle Hotel Circle LP
dba Comfort Inn and Suites San Diego
Zoo SeaWorld Area,

      Defendant.

Case No.: 3:21-cv-01458-JLS-DEB

**PLAINTIFF'S <u>VERIFIED</u> RESPONSE TO DEFENDANT'S MOTION TO DISMISS 1ˢᵀ AMENDED COMPLAINT**

## <u>INDEX</u>

**Title**                                   **Page**

I.  Status of the Case………………………………………………………… 2

II.  Factual Allegations Satisfy Proper Pleading Requirements……………… 2

III. Plaintiff has Standing………………………………………………………… 5

   a. ADA Standing Requirements………………………………………… 5

   b. Plaintiff's Injury is Actual and Imminent and not Conjectural or Hypothetical…………………………………………………………… 7

   c. The "4 Factors" No Longer Apply…………………………………… 8

   d. The FAC complies with ADA General Standing Requirements, this Court's Prior Order, This Court's Prior Decision Relating to Plaintiff's Standing, Southern District's Prior Decisions on Standing, and Section III (a) Above……………………………………………………………… 10

IV. FAC Complies with Rule 8……………………………………………… 11

V. The Court Should Stay the Consideration of Supplemental Claims………… 12

1

VI. Conclusion And Prayer for Relief………………………………………….…... 13

VII. Verification…………………………………………………………………….. 13

## I.  STATUS OF THE CASE

Plaintiff filed his initial complaint on August 17, 2021. Dkt. at 1. Defendant filed a Motion to Dismiss, dkt. at 3, and the matter was fully briefed. On May 20, 2022, the Court issues the Order Granting Defendant's Motion to Dismiss, dkt. at 13 ("Order"). In its Order, the Court outlined the deficiencies with Plaintiff's initial complaint and granted Plaintiff leave to amend the complaint.

Plaintiff amended his complaint that fully, finally and truthfully resolved all issues found inadequate by the Court. Dkt. at 14.

Nonetheless, Defendant now resubmits his cut and paste duplication of its earlier Motion, citing to decisions debunked by the 9th Circuit Court of Appeals and 9th Circuit's California district courts – including this district - and misrepresenting Plaintiff's position. This is no less than a continuation of Defense counsel's attempts to deny Plaintiff his civil rights of equal access through his continuing threats, intimidation, coercion and attrition. See Exhibit 2 to Declaration of Fernando Gastelum relating Mr. Stillman's threat of filing Rule 11 motions, requiring Plaintiff to post a bond, declaring Plaintiff a vexatious litigant and demanding lawyers' fees. Dkt. at 6, page 28 of 54.

## II.  FACTUAL ALLEGATIONS SATISFY PROPER PLEADING REQUIREMENTS

Plaintiff is a 61-year-old man with physical disabilities. Plaintiff is economically disadvantaged[1]. Plaintiff is missing a leg. Plaintiff uses a wheelchair for mobility when locations are wheelchair accessible and a prosthetic leg and a cane when the location is not wheelchair accessible. Plaintiff has a specially equipped sport utility vehicle. First Amended Complaint ("FAC") at ¶¶ 1, 20:

---

[1] Plaintiff has been declared a pauper by the Southern California District in *Gastelum v. HEES II* (S.D. 3:21-cv-01337-JLS-RBB) Dkt. at 3. Notably, Southern District accepted Plaintiff's Amended Complaint as adequate pursuant to 28 U.S.C. § 1915(e)(2) (relating to screening of In Forma Pauperis Complaints). Dkt. at 9. The current Verified First Amended Complaint not only meets, but exceeds the standing allegations in the *HEES II*.



Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use. ¶2. The use of a wheelchair is Plaintiff's preferred method of dealing with his disability. ¶3. Where  locations are not designed for the use of a wheelchair, Plaintiff must use his prosthetic leg and a cane to move short distances in order to navigate barriers to accessibility with great pain and discomfort; walking on the prosthesis is painful, uncomfortable, and causes the prosthesis to rub against Plaintiff's skin. When Plaintiff uses the prosthetic, his leg sweats which in turn loosens the prosthetic sleeve that begins to slip back and forth. Plaintiff can no longer walk then. This requires Plaintiff to stop, remove the prosthetic leg, let the sleeve dry up, and then put the prosthetic leg back on again. Even with the use of the prosthesis and a cane, Plaintiff's ability to negotiate mobility barriers alleged in this complaint is severely restricted. ¶4.

The use of the prosthesis and a cane for short distances limits the use of Plaintiff's arms and hands because the right arm and hand are used for the cane and cannot be used, as for example, when opening doors. Door opening requires the use of two hands: one to turn the handle, the other to push the door open. Additionally, Plaintiff cannot use his body to lean into a door to open it because that causes additional stress on the prosthetic leg. Further, walking on sloped ground with the prosthesis and a cane restricts Plaintiff from maintaining balance and endangers him to falling down. ¶5.

Although Plaintiff's family comes from California, FAC at ¶ 12, Plaintiff currently resides in Casa Grande, Arizona which is the only place where he can afford housing. But for availability of modest housing, Plaintiff would prefer to live in California where he is closer to his friends, family, the Pacific Coast and various chapters of the 49ers Faithful Empire Club. ¶13.

Plaintiff enjoys California's Pacific Coast and travels there often with his family. ¶14. San Diego is the gateway to California's Pacific Coast and the closest Pacific beach to Casa Grande. ¶15. San Diego is the location of the world-famous SeaWorld which is the closest sea park to Casa Grande. ¶16. Plaintiff has visited SeaWorld 20-30 time in the past. ¶17. SeaWorld is an educational park where Plaintiff takes his family. ¶18. Plaintiff has visited the area and the location where the Hotel is situated innumerable times, in no event less than 30-40 times. ¶19. Plaintiff is also a member of the 49ers Faithful Empire Club with chapters all over California, including San Diego. ¶21. The 49ers Faithful Empire Club members regularly meet in season and off season for social barbecues. ¶22.

Pinnacle Hotel Circle, LP owns and operates the Comfort Inn and Suites San Diego ("Hotel"). ¶ 6. But for lack of accessibility at the Hotel, Plaintiff would prefer to lodge there when he visits San Diego 2-4 times per year, ¶24, because the Hotel provides an excellent lodging for Plaintiff because of its location, closeness to numerous budget eateries, and sits a short distance to Sea World where Plaintiff has visited numerous times and intends to visit again with his grandkids, ¶¶ 24-27.

Plaintiff visited the Hotel on July 2, 2021, with the intention of lodging there. ¶29. Unfortunately, he was prevented from lodging there by Hotel's lack of compliance with disability laws and ADA Standards of Accessibility Design. ¶34 (a)-(c).

Plaintiff prefers lodging in budget hotels like the Comfort Inn & Suites San Diego - Zoo SeaWorld Area because they provide lodging services at low price but are generally clean. ¶23. Plaintiff stops in the San Diego / Hotel Circle area on at least 2-4 times per year to lodge, eat or attend a 49ers Empire SoCal barbecue, or on his way to Los Angeles and Northern California. ¶24. Hotel Circle provides an excellent lodging stop before turning onto Interstate 5 from Interstate 8 traveling North to Los Angeles and Northern California. ¶25. The Hotel is also convenient to Plaintiff because it is located within a short distance of numerous budget eateries. ¶26. The Hotel is also convenient to Plaintiff because it is located within a short distance to SeaWorld which

1  Plaintiff has visited numerous times in the past and which he intends to visit again with
2  his grandkids in the spring of 2023. ¶27.

3          Since the filing of the Complaint, Plaintiff returned to San Diego / Hotel Circle on
4  January 27, 2022, but was deterred from staying at the Hotel because Plaintiff knew
   that the Hotel was exclusionary to persons with disabilities. Plaintiff again travelled on
5  Interstate 8 to San Diego on February 24, 2022, but did not stay at the Hotel based on
6  his prior experience that the Hotel was not ADA compliant.

7          Plaintiff intends to return to the San Diego / Hotel Circle area where the Hotel is
8  located at a specific time in the fall of 2022 to access the Pacific Coast, and then again
9  in the spring of 2023 to visit Sea World with his family. FAC at ¶¶41-42. Plaintiff also
10 intends to return there to attend specifically scheduled 49ers Faithful Empire Club
   social barbecues. ¶43.

11         On the basis of his experience with the Hotel, and the Hotel's refusal to
12 intentionally and without good cause (1) fail to modify its policies, practices or
13 procedures to afford goods, services, facilities, privileges, advantages, or
14 accommodations to individuals with disabilities in violation of 42 U.S.C. §
15 12182(b)(2)(A)(ii); and (2) fail to remove architectural barriers where such removal is
16 readily achievable in violation of 42 U.S.C. § 12182(b)(2)(A)(iv), Plaintiff alleges that
   the Hotel poses an existential and immediate threat to the equality and equity in the
17 public space. ¶ 44. As a result, Plaintiff is deterred from staying at the Hotel. ¶ 45
18 Plaintiff will return to the Hotel Circle to lodge there once it is represented to him that
19 the Hotel is accessible to him. Plaintiff is currently deterred from doing so because of
20 his knowledge of the existing barriers and his uncertainty about the existence of yet
21 other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful
22 and discriminatory barriers again. ¶ 46.

**III. PLAINTIFF HAS STANDING**
23     **a. ADA Standing Requirements**
24         The ADA is a civil rights statute that relies primarily on private enforcement
25 actions to obtain compliance, and the Supreme Court has instructed that courts
26 therefore should take a "broad view of constitutional standing." *Doran v. 7-Eleven, Inc.*,
27 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409
28 U.S. 205, 209 (1972)). A plaintiff asserting an ADA claim must nonetheless establish
   his standing under Article III of the United States Constitution. *Id.* Under Article III of

5

Constitution, federal courts have jurisdiction to decide only actual "Cases" or "Controversies," U.S. Const., art. III, § 2, and Plaintiff has standing to sue if he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560- 61 (1992). Plaintiff's claimed injury must be both "particularized" and "concrete." A "particularized" injury is one that "'affect[s] the plaintiff in a personal and individual way.'" *Spokeo, Inc.*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). A "concrete" injury "must actually exist" and must be "real, and not abstract." *Id.*

In the context of injunctive relief, which is the only remedy available to Plaintiff under Title III of the ADA, *see* 42 U.S.C. § 12188; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), a plaintiff "must additionally demonstrate a sufficient likelihood that he will again be wronged in a similar way." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (internal quotations and citation omitted). "That is, he must establish a real and immediate threat of repeated injury." *Id.* (internal quotations and citation omitted). In the Ninth Circuit, an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

Defendant argues that Plaintiff does not have standing to seek injunctive relief because he fails to establish a likelihood of future injury, saying that Plaintiff's residence is just too far from the Hotel and that his professed intent to return is not credible. Defendant argues that Plaintiff has not alleged facts showing that he is actually deterred from returning to the Hotel. But the Ninth Circuit has rejected this argument, stating that allegations that disabled plaintiff intends to visit a place of public accommodation but is deterred from doing so by non-compliance with the ADA are sufficient to establish standing to assert injunctive relief claims. *See C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) (*CREEC*); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021), *Gastelum v. HEES II* (S.D. Cal 3:21-cv-01337-JLS-RBB) at dkt 3 (2022); *Brooke v. Rio San Diego Mission Valley Owner, LLC* (S. D. Cal. 3:20-cv-00975-W-AHG) at dkt. 9 (2021); (*Whitaker v. Tesla Motors, Inc.*(S.

1   D. Cal.3:19-cv-01193-AJB-BLM) at Dkt. 33 (2021); *Johnson v. Fogo De Chao*

2   Churrascaria, (N.D. Cal. 5:21-cv-02859-BLF) at dkt 23 (2021); Johnson *v. Smith* (N. D.

3   Cal. 3:21-cv-05646-TSH) at dkt. 21 (2022); *Whitaker v. Mac,* (C. D. Cal. 2:19-cv-03002-

4   GW-E) at dkt. 22 (2019).

5        Plaintiff here not only alleges that he intended to return to the Hotel **and** that he

6   is deterred from returning to the Hotel. Plaintiff's credibility on this issue is unassailable

7   because Plaintiff in fact returned to the Hotel in January of 2022 when he was actually

8   deterred from staying at the Hotel, and that he was traveling on Interstate 8 toward the

9   coast in February of 2022 when he was *again* deterred from staying at the Hotel.

10  Plaintiff he has specific schedule for returning to the Hotel in the fall of 2022 and then

11  again in the Spring of 2023 *if it is accessible*. Plaintiff is currently deterred from doing so

12  because of his knowledge of the existing barriers and his uncertainty about the

13  existence of yet other barriers on the site. If the barriers are not removed, the plaintiff

14  will face unlawful and discriminatory barriers again. This sufficiently "demonstrate[s]

15  deterrence" and confers injunctive relief standing. *Chapman*, 631 F.3d at 944; *Fogo De*

16  *Chao Churrascaria*, supra, (finding injunctive relief standing where Plaintiff alleged that

17  he is "often in the area where the Restaurant is located and will return to the Restaurant

18  . . . once it is represented to him that the Restaurant and its facilities are accessible but

19  is currently deterred from doing so because of the alleged inaccessibility.") (Internal

20  quotations omitted).

### b. Plaintiff's Injury Is Actual and Imminent and Not Conjectural or Hypothetical

        In *CREEC,* 867 F.3d at1099, the 9th Circuit Court of Appeals was tasked to

determine whether the allegation that the named plaintiffs were "presently deterred

from visiting [defendant's] hotels" is sufficient to confer standing. There, the complaint

alleged that named plaintiffs "intend to visit the relevant hotels but have been deterred

from doing so by the hotels' noncompliance with the ADA." *Id.* Based on this allegation,

the court concluded that "[plaintiffs'] harm is 'concrete and particularized,' and their

intent to visit the hotels once they provide equivalent shuttle service for the disabled

renders their harm 'actual or imminent, not conjectural or hypothetical.'" *Id.* (citing *Lujan*

*v. Defs. Of Wildlife*, 504 U.S. 560, 560 (1992)).

        Moreover, the court held that the named plaintiffs need not intend to visit the

Hotel until after remediation. The court rejected defendant's argument that plaintiff must

establish a sufficient likelihood that they will again be wronged in a similar way because the injury continues so long as the equivalent access is denied. *Id.* at 1100-01. While relying on Tenth Circuit case law, the court held that the motivation to visit a public accommodation is irrelevant to the question of standing under Title III of the ADA. *Id.* at 1102.

Then in *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021) the 9th Circuit Court of Appeals confirmed that a complaint alleging (1) disability, (2) visit to the public accommodation, (3) personal encounter with barriers and (4) deterrence is all that is needed for standing purposes. *Id.,* 985 F. 3d at 1177.

### c. The "4 Factors" No Longer Apply

Defendants urge the Court to require Plaintiff to prove additional elements to establish standing, as some other district courts in the Ninth Circuit have done in ADA cases. Those courts have required plaintiffs to plead (1) the proximity of the place of public accommodation to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant. *See, e.g., Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005).

While these factors all weigh in Plaintiff's favor, the 9th Circuit Court of Appeals has had many opportunities to address the so called "4 factors", *see e.g., CREEC* and *Whitaker*, but has declined to require allegations of those. So, in his Order Denying Motion to Dismiss in *Johnson v. Smith*, supra, the District Court specifically noted that these additional elements are unnecessary on top of the allegations that the Ninth Circuit has already found sufficient to confer injunctive relief standing. The Court cited to *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020) (noting that the Ninth Circuit "has not adopted" these factors "despite having confronted the same or similar issue repeatedly") and *Fogo De Chao Churrascaria*, supra (same).

The one time the 9th Circuit Court of Appeals indirectly addressed this issue was in *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) where the Court stated, 538 F. 3d 1037:

> [W]here . . . the public accommodation being sued is far from the plaintiff's home, we have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic

area where the accommodation is located and a desire to visit the accommodation if were made accessible.

Here, Plaintiff has demonstrated that he intends to return to the geographic area where the Hotel is located, FAC at ¶19 ("Plaintiff has visited the area and the location where the Hotel is situated innumerable times, in no event less than 30-40 times"), ¶ 24 ("Plaintiff stops in the San Diego / Hotel Circle area on at least 2-4 times per year to lodge, eat or attend a 49ers Empire SoCal barbecue, or on his way to Los Angeles and Northern California"). Plaintiff likewise demonstrated his intent to return to the Hotel if it were made accessible, *see* ¶41 ("Plaintiff intends to visit San Diego and SeaWorld at a specific time in the spring of 2023 with his family."), ¶42 ("Plaintiff intends to visit San Diego and SeaWorld at a specific time in the spring of 2023 with his family."), ¶43 ("Plaintiff will return to San Diego for scheduled 49ers Faithful Empire Club social barbecues"). Plaintiff has already been deterred no less than twice from returning to the Hotel, first on his visit to San Diego on January 27, 2022, and then again in February of 2022, *see supra.* Plaintiff also explains the *reasons* why he wants to stay at the Hotel, including for interim lodging in Can Diego on trips to Los Angeles and Northern California, ¶ 24, because of its excellent location before turning onto Interstate 5 from Interstate 8, ¶ 25, its location close to numerous budget eateries, ¶ 26, the proximity to Sea World, ¶ 26, for visits to 49ers Empire Club barbecues. ¶ 24.

Plaintiff will return to the Hotel Circle to lodge there once it is represented to him that the Hotel is accessible to him. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again. ¶ 46. Plaintiff will return to the Hotel to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Hotel is accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again. ¶ 47.

**d. The FAC Complies with ADA General Standing Requirements, this Court's Prior Order, This Court's Prior Decision Relating to Plaintiff's Standing, Southern District's Prior Decisions on Standing, and Section III (a) Above.**

The FAC is a result of careful analysis of the Order, dkt. at 13, this Court's finding of adequacy of Plaintiff's allegations in *Gastelum v. HEES II,* supra, where this Court accepted Plaintiff's Amended Complaint as adequate pursuant to 28 U.S.C. § 1915(e)(2) (relating to screening of In Forma Pauperis Complaints). The current Verified First Amended Complaint not only meets, but exceeds, the standing allegations in the *HEES II* and prior 9th Circuit Court of Appeals and District Court precedents.

The FAC also satisfies the ADA complaint that has been found adequate by Southern District's Hon. Anthony J. Battaglia who vehemently disagrees with the entirety of Defendant's contentions. In *Whitaker v. Tesla Motors, Inc.* (S.D.Cal. 3:19-cv-01193-AJB-BLM) at dkt 33, Judge Battaglia noted:

> Here, Plaintiff alleges that he uses a wheelchair for mobility, that he visited Defendant's premises in June 2019, personally encountered barriers related to his disability—namely, service counters that are too high and the unavailability of lowered ones—and that knowledge of the existing barriers deter him from returning to the Dealership. As Plaintiff's allegations are virtually identical to those the Ninth Circuit found to be sufficient for Article III standing, the Court similarly finds that Plaintiff has pled facts sufficient to establish standing in this ADA case.

*See also* Judge Beth Labson Freeman's decision in *Johnson v. Fogo De Chao Churrascaria LLC*, supra, where the Court noted at dkt 23,

> Plaintiff here alleges that he is "often in the area where the Restaurant is located" and "will return to the Restaurant . . . once it is represented to him that the Restaurant and its facilities are accessible," but is "currently deterred from doing so" because of the alleged inaccessibility. FAC ¶ 20. This sufficiently "demonstrate[s] deterrence" and confers injunctive relief standing.

Similarly, Judge Thomas S. Hixson also disagreed with Defendant's contention in *Johnson v. Smith*, supra at dkt. 21 where he stated:

> Johnson alleges he "will return to Stucco Supply to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that Stucco Supply and its facilities are accessible," but he "is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." Compl. ¶ 20. This sufficiently "demonstrate[s] deterrence" and confers injunctive relief standing. *Chapman*, 631 F.3d at 944; *Fogo De Chao Churrascaria*, 2021 WL

3913519, at *4 (finding injunctive relief standing where Johnson alleged he is "often in the area where the Restaurant is located and will return to the Restaurant . . . once it is represented to him that the Restaurant and its facilities are accessible, but is currently deterred from doing so because of the alleged inaccessibility.") (Internal quotations omitted).

*Id.* at 4:28 – 5:19.

Plaintiff's FAC complies with ADA General Standing Requirements, this Court's Order, This Court's Prior decision relating to Plaintiff's Standing, Southern District's Prior Decisions on Standing, and Section III (a) Above.

**IV. FAC COMPLIES WITH RULE 8**

In *Whitaker v. Tesla Motors,* supra, 985 F. 3d at 1177, the 9th Circuit Court of Appeals addressed the sufficiency of the rule 8 statement of claim by noting that the description of the barrier must include the basic question in what way a barrier violates the ADA (e.g., "Were the service counters too low? Or too high?")

Plaintiff's FAC complies with *Whitaker* with the following allegations:

34. Unfortunately, on the date of the plaintiff's visit, Plaintiff discovered that the Hotel was not compliant with the disability access laws in conformance with the ADA Standards as it relates to wheelchair users like Plaintiff:

    a. Curb ramp was located on the accessible parking access aisle. This condition makes it more difficult for Plaintiff to maintain control of the wheelchair when exiting the car.

    b. Access aisle did not connect to an accessible route. This condition makes it more difficult for Plaintiff to access the Hotel lobby.

    c. Access aisle slope was too steep. This condition makes it more difficult for Plaintiff to control the wheelchair when using the access isle.

These allegations were supported by the photographs provided by Plaintiff in his Declaration, dkt. at 6, where he states:

When I came to the Hotel, I noted that it was not compliant with the Americans with Disabilities Act and the California's civil rights laws and California disabled person's law in the following respects:

    a. Curb ramp is located on the accessible parking access aisle. This condition makes it more difficult for me to maintain control of the wheelchair when exiting the car:

11



b.  Access aisle does not connect to an accessible route. This condition makes it more difficult for me to access the entrance.



c.  Access aisle slope is too steep. This condition makes it more difficult for me to control the wheelchair when using the access aisle.

The above written and pictorial descriptions of the barriers clearly satisfy the *Whitaker* requirement.

## V.  THE COURT SHOULD STAY THE CONSIDERATION OF SUPPLEMENTAL CLAIMS

The Unruh Supplemental claim runs in the background of the primary ADA claim. It does not cause any additional work to the parties or the Court. On the other

hand, a dismissal will cause the parties to incur additional court costs in the Superior Court upon refiling, it will take additional time and effort, and will result in extreme inconvenience and inefficiency. For these reasons, Plaintiff requests that the Court stay the consideration of the dismissal of the Unruh claim or, alternatively, grant Plaintiff the right to amend the Complaint and substitute the Unruh Claim with the Disabled Persons Act claim.

## VI. CONCLUSION AND PRAYER FOR RELIEF

Plaintiff's First Amended Complaint is true, tried and truthful statement of facts and jurisdictional allegations that California District Courts have found sufficient in cited cases. To the extent that there are any additional facts that need to be alleged or proven with supplemental declarations, Plaintiff requests leave to file such.

Defendant's Motion should be denied in its entirety.

## VII. VERIFICATION

Plaintiff verifies under the penalty of perjury that the factual allegations made here are true and correct to the best of his knowledge, information and belief.

RESPECTFULLY SUBMITTED (MAILED) on July 1, 2022.

Fernando Gastelum

Mailed to the District Court this 1st day of July 2022. Copies emailed to counsel Philip Stillman.

/s/

209 West 9th Street
Casa Grande, AZ  85122

RECEIVED
JUL 5 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

