UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>                    Plaintiff,<br><br>v.<br><br>PINNACLE HOTEL CIRCLE LP, dba Comfort Inn and Suites San Diego Zoo SeaWorld Area,<br><br>                    Defendant. | Case No.: 21-CV-1458 JLS (DEB)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE; AND**<br>**(2) DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF Nos. 15 & 15-2) |

Presently before the Court are Defendant Pinnacle Hotel Circle LP's Motion to Dismiss for Lack of Standing ("Mot.," ECF No. 15) and Request for Judicial Notice ("RJN," ECF No. 15-2). Plaintiff Fernando Gastelum filed an Opposition to the Motion ("Opp'n," ECF No. 16), and Defendant filed a Reply in support of the Motion ("Reply," ECF No. 17). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 17. Having carefully reviewed Plaintiff's First Amended Complaint ("FAC," ECF No. 14), the Parties' arguments, and the law, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Request for Judicial Notice and **DENIES** the Motion.

# BACKGROUND

Plaintiff, a resident of Casa Grande, Arizona, has been using a wheelchair for mobility since 2015. FAC. ¶¶ 1, 12. When locations are not designed for the use of a wheelchair, Plaintiff must use his prosthetic leg to move short distances. *Id*. ¶ 4. Plaintiff, however, prefers to use a wheelchair, as the prosthetic leg is painful and uncomfortable, according to Plaintiff. *Id*.

Defendant owns and operates a hotel located at 2485 Hotel Circle Place, San Diego, California 92108 (the "Hotel"). *Id*. ¶ 6. Plaintiff claims he visited the Hotel on July 2, 2021, with the intention of lodging there. *Id*. ¶ 29. On the date of his visit, Plaintiff allegedly discovered the Hotel was not compliant with the Americans with Disabilities Act's ("ADA") regulations concerning wheelchair accessibility. *Id*. ¶ 34. Specifically, Plaintiff states the Hotel's access aisle slope is too steep and does not connect to an accessible route, and a curb ramp is located on the accessible parking access aisle. *Id*. ¶ 34(a)–(c). Plaintiff requests an injunction requiring Defendant to comply with state and federal law regarding wheelchair access and "[d]amages under California law for $4,000 per violation." *Id*. at 10–11.[1]

Plaintiff filed the Complaint on August 17, 2021. *See generally* ECF No. 1. The Court dismissed the initial Complaint without prejudice for lack of standing. ECF No. 13. Plaintiff then filed the FAC on June 1, 2022. *See generally* FAC. The FAC asserts violations of the ADA, the California Unruh Civil Rights Act (the "Unruh Act"), and the California Disabled Persons Act (the "DPA"). *See id*. at 7–10. On June 23, 2022, Defendant filed the instant Motion, arguing that Plaintiff lacks standing and has failed to state a claim under the ADA or the Unruh Act. *See generally* Mot.

/ / /

/ / /

---

[1] Throughout this Order, the Court's pincites refer to the blue page numbers stamped in the upper righthand corner of each document by the District's CM/ECF system.

# REQUEST FOR JUDICIAL NOTICE

As a general rule, a district court cannot rely on evidence outside the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into a Rule 56 motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998)). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 1999)). Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

In support of its Motion to Dismiss, Defendant requests that the Court take judicial notice of the following exhibits: (1) a spreadsheet downloaded from the federal judiciary's Public Access to Court Electronic Records ("PACER") system showing Plaintiff's cases filed in the federal district courts in California through the present; (2) the Second Amended Complaint in *Gastelum v. KPK Hospitality*, Case No. 21-1510 JGB (Kkx) (C.D. Cal. May 16, 2011); (3) a search on TripAdvisor.com for San Diego hotels in the "budget" class that Plaintiff claims to prefer; (4) a page from Google Maps showing the numerous hotels that are either as close to SeaWorld and the "Pacific Coast" as Defendant's Hotel or closer; (5) Gastelum's *In Forma Pauperis* Application filed in *Gastelum v. Hees II*, Case 3:21-cv-01337-JLS-RBB (S.D. Cal. Jul. 27, 2021); and (6) complaints filed by Plaintiff against hotels in Bakersfield, Gilroy, and San Diego arising from his visit to California between June 29 and July 4, 2021. *See generally* RJN.

/ / /

/ / /

"[U]nder Fed R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). PACER is a "court-generated database that provides public access to court electronic records." *Moore v. Saniefar*, No. 114CV01067DADSKO, 2016 WL 2764768, at *2 n.2 (E.D. Cal. May 12, 2016). Thus, PACER's accuracy cannot reasonably be questioned, and judicial notice may be taken of "court records available to the public through the PACER system via the internet." *Delano Farms Co. v. Cal. Table Grape*, 546 F. Supp. 2d 859, 927 n.5 (E.D. Cal. 2008). Accordingly, the Court may take judicial notice of Exhibit (1), as the information was generated by PACER. *See, e.g.*, *Delano Farms Co.*, 546 F.Supp.2d at 927 n.5; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of filings from other federal court proceedings as matters of public record).

As to the Second Amended Complaint in *Gastelum v. KPK Hospitality*, Gastelum's *In Forma Pauperis* Application filed in *Gastelum v. Hees II,* and the complaints filed by Plaintiff against hotels in Bakersfield, Gilroy, and San Diego, these exhibits are all court filings and thus matters of public records. *See Lee*, 250 F.3d at 689. Therefore, the Court finds that taking judicial notice of Exhibits (2), (5), and (6) is appropriate. However, the Court notes the limited scope of the judicial notice doctrine in this regard; specifically, the Court takes notice of the existence and content of these public records, but not the truth of the facts recited therein. *See Coal. for a Sustainable Delta v. F.E.M.A.*, 711 F. Supp. 2d 1152, 1172 n.6 (E.D. Cal. 2010) (citations omitted).

Courts have taken judicial notice of a geographic location or distance measurement as compiled by Google or a similar website. *See, e.g.*, *Pahls v. Thomas*, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013) (taking judicial notice of a map provided by Google Maps); *Citizens for Peace in Space v. City of Colorado Springs*, 477 F.3d 1212, 1218 n.2 (10th Cir. 2007) (taking judicial notice of distance calculation which relied on information provided by Google Maps); *Access 4 All, Inc. v. Boardwalk Regency Corp.*, No. Civ. A. 08–3817 RMB, 2010 WL 4860565, at *6 n.13 (D.N.J. Nov. 23, 2010) (taking judicial notice of information obtained from Google Maps); *see also Tesoro Ref. & Mktg. Co. v.*

*City of Long Beach*, 334 F. Supp. 3d 1031, 1042 (C.D. Cal. 2017) ("Courts may judicially notice locations using maps and satellite images.") (citations omitted). Exhibit (4) is a printout directly from Google Maps. Accordingly, the Court takes judicial notice of Exhibit (4).

As to Exhibit (3), a search on TripAdvisor.com for San Diego hotels in the "budget" class that Plaintiff claims to prefer, the Court declines to take judicial notice of TripAdvisor's website because it may have looked different when Plaintiff was searching for lodging options. *See e.g.*, *Putt v. TripAdvisor Inc.*, No. CV 20-3836, 2021 WL 242470 at *7 (E.D. Pa. Jan. 25, 2021). Moreover, such information is not generally known in this Court's jurisdiction, and the information's source is not beyond question. Fed. R. Evid. 201(b); *see, e.g.*, *Tijerina v. Alaska Airlines, Inc.*, No. 22-CV-203 JLS (BGS), 2022 WL 3135913, at *3 (S.D. Cal. Aug. 5, 2022) (noting that "[i]nformation on websites . . . is often not considered an appropriate subject of judicial notice," and that "[c]ases that do judicially notice information from websites often rely on the doctrine of incorporation by reference when the complaint necessarily relies on information appearing on a[] website") (citations and internal quotation marks omitted). Thus, prudence cautions the Court to hesitate before determining that the search results from TripAdvisor are beyond controversy.

In sum, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Request for Judicial Notice. *See* ECF No. 15-2. Specifically, the Court judicially notices Defendant's Exhibits (1), (2), and (4)–(6), but declines to judicially notice Exhibit (3). *See id*.

## MOTION TO DISMISS

Defendant moves to dismiss the FAC on the basis of both (1) Federal Rule of Civil Procedure 12(b)(1), asserting Plaintiff's lack of standing; and (2) Federal Rule of Civil Procedure 12(b)(6), asserting Plaintiff's failure to state a claim. *See generally* Memorandum of Points and Authorities in Support of Motion to Dismiss ("Mem.," ECF No. 15-1). The Court addresses each basis in turn.

///

## I. Standing

### A. Legal Standard

"A party invoking federal jurisdiction has the burden of establishing that [he] has satisfied the 'case-or-controversy' requirement of Article III of the Constitution; standing is a 'core component' of that requirement." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (citation omitted). Further, courts "have an independent obligation 'to examine jurisdictional issues such as standing [*sua sponte*].'" *Wilson v. Lynch*, 835 F.3d 1083, 1091 (9th Cir. 2016) (alteration in original) (quoting *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)). "Only injunctive relief is available under Title III of the ADA." *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017).

Article III standing requires that a plaintiff (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision. *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing to seek injunctive relief, a plaintiff must show that "he [i]s likely to suffer future injury." *See City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983). "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). "'[S]ome day' intentions [to return to a noncompliant facility] . . . are insufficient to establish standing." *Barnes*, 2017 WL 635474, at *7. An ADA plaintiff therefore "lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine." *Chapman*, 631 F.3d at 953. Further, an ADA plaintiff cannot establish standing by alleging an injury "based only on conclusory statements unsupported by specific facts." *Barnes*, 2017 WL 635474, at *7.

/ / /

/ / /

/ / /

**B.   Analysis**

Here, Defendant argues that Plaintiff lacks standing because (1) Plaintiff has not alleged an injury in fact and (2) the FAC fails to establish Plaintiff has any *bona fide* intent to return to the Hotel. *See generally* Mem. The second and third elements of Article III's standing requirements are not at issue; Defendant's alleged noncompliance with Title III is the source of Plaintiff's injury, and an injunction requiring Defendant to comply with the ADA would redress it. Thus, the only questions are whether Plaintiff has adequately alleged (1) an injury in fact and (2) an intent to return to the Hotel.

   *1.   Injury in Fact*

The first requirement of standing is that the Plaintiff must have suffered an "injury in fact," which the Supreme Court has defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). "A concrete injury must be *de facto*; that is, it must actually exist." *Spokeo, Inc.*, 578 U.S. at 340. "Particularized means that the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. In the context of the ADA, this means Plaintiff himself must suffer an injury as a result of Defendant's noncompliance with the ADA.

Defendant argues that Plaintiff's injury is not concrete because Plaintiff was merely wandering around the Hotel with no intention of doing anything other than search for ADA violations. *See* Mem. at 9. Defendant also argues that Plaintiff's injury is not particularized because Plaintiff has not alleged that he intended to stay at the Hotel, and Plaintiff has failed to identify barriers that relate to his own particular disability. *Id*. at 11.

The court disagrees with Defendant. First, the injury is sufficiently concrete because Plaintiff alleged he visited the Hotel on July 2, 2021, with the intention of staying at the Hotel. *See* FAC ¶ 29. Second, the injury is sufficiently particularized because Plaintiff himself suffered the alleged harm, not some other person. *See id*. ¶ 47. Third, the identified barriers, which include an access aisle slope that was too steep and not connected to an

accessible route, relate to wheelchair users like Plaintiff. *See id.* ¶ 34. Although Plaintiff can use a prosthetic leg for short distances, this secondary method of mobility does not negate the fact that Plaintiff is a wheelchair user. Indeed, Plaintiff alleges that use of his prosthesis is painful and that he prefers, when possible, to use his wheelchair. *Id.* ¶ 4. Thus, the identified barriers are directly related to and impact Plaintiff's physical disability. By alleging that he is currently deterred from equal access to the Hotel, Plaintiff has stated sufficient facts to show concrete, particularized harm.

In addition to suffering a concrete injury particular to himself, Plaintiff must also suffer actual or imminent harm in order to satisfy the injury-in-fact prong of the standing analysis. *Lujan*, 504 U.S. at 560. "[A] disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'" *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). "Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent harm.'" *See id.*

Here, Plaintiff claims that (1) he visited the Hotel on July 2, 2021, with the intention of staying at the Hotel, *see* FAC. ¶¶ 29, 34; (2) he could not access the Hotel as a wheelchair user because the access aisle slope was too steep and did not connect to an accessible route, *see id.* ¶ 34; and (3) he would stay at the Hotel if it were accessible, *see id.* ¶¶ 46–47. The Court finds that such allegations are sufficient to establish actual or imminent harm for purposes of standing.

### 2. Intent to Return

For an ADA plaintiff to establish standing to seek injunctive relief, they must demonstrate a genuine intent to return to the allegedly noncompliant facility. *See Chapman*, 631 F.3d at 944, 953. "In determining whether a plaintiff's likelihood of return is sufficient to confer standing for injunctive relief, courts have examined factors including: (1) the proximity of the business to the plaintiff's residence, (2) the plaintiff's past patronage of the business, (3) the definitiveness of the plaintiff's plans to return, and (4)

the plaintiff's frequency of travel near the defendant." *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1106 (N.D. Cal. 2017) (citation and footnote omitted). When evaluating whether the intent to return is genuine, "a court must engage in a fact-intensive inquiry to determine whether the plaintiff . . . would return to the establishment if the establishment were compliant with the ADA." *Vogel v. Salazar*, No. SACV 14-00853-CJC (DMFx), 2014 WL 5427531, at *2 (C.D. Cal. Dec. 9, 2014). The Court will assume the truth of Plaintiff's factual allegations and draw all reasonable inferences in favor of Plaintiff. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005); *Safe Air for Everyone*, 373 F.3d at 1039.

Defendant argues that Plaintiff's lack of credibility undermines his professed intent to return. *See* Mem. at 26. Specifically, Defendant accuses Plaintiff of conducting "meaningless travel" to various hotels across the country with the express purpose of finding ADA violations that will provide ammunition for lawsuits against those hotels. *See id.* at 26–28. Moreover, Defendant labels Plaintiff a "serial ADA litigant" and argues that his past ADA litigation calls into question the sincerity of his intention to return to the Hotel. *Id.* Although a plaintiff's intent to return needs to be genuine, at this stage of the lawsuit, the Court must take Plaintiff's allegations as true unless "contradict[ed by] matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Moreover, the Court notes that being litigious does not deprive a plaintiff of standing. *See Brooke v. Bhakta*, No. CV-17-996-MWF (AFMX), 2017 WL 11635793, at *1 (C.D. Cal. Nov. 1, 2017) ("Plaintiff is indeed a serial ADA litigator and her and her attorney's litigiousness surely vexes many hotel operators such as Defendants, as there is little doubt that Plaintiff visits accommodations for the primary purpose of spotting ADA violations and filing lawsuits. But that is permissible under the current statutory regime and Ninth Circuit precedent. Plaintiff's litigious motivation does not deprive her of standing."). Nor does a plaintiff's past litigation history necessarily contradict or call into question an alleged intention to return to a public accommodation. *See D'Lil v. Best W.*

*Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) (rejecting district court's adverse credibility determination due to its reliance on plaintiff's litigation history and finding that courts "must be particularly cautious about affirming credibility determinations that rely on a plaintiff's past ADA litigation," as "most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled").

Here, Plaintiff alleges an intent to return to the Hotel once it is represented to him that the Hotel is accessible to him. *See* FAC. ¶ 46. Plaintiff claims he stops in the San Diego Hotel Circle area at least two to four times per year to lodge, and Plaintiff intends to visit San Diego and SeaWorld in the spring of 2023. *Id*. ¶¶ 24, 42. The Hotel is convenient for Plaintiff because it provides "an excellent lodging stop before turning onto Interstate 5 from Interstate 8 traveling North to Los Angeles"; is located near "numerous budget eateries"; and is located "within a short distance to SeaWorld," which Plaintiff intends to visit again. *Id*. ¶¶ 25–27. The Court finds that Plaintiff has pled specific facts evidencing a genuine desire to return to the Hotel. *Compare, e.g.*, *Doran*, 524 F.3d at 1040–41 (9th Cir. 2008) (holding plaintiff had standing where he alleged he had visited a store on ten to twenty prior occasions, the store was near his favorite fast food restaurant in Anaheim, he visited Anaheim at least once a year, and he was deterred from visiting the store because of accessibility barriers), *and Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1079 (D. Haw. 2000) (finding future injury likely where plaintiff lived close to the restaurant, enjoyed the taste of a restaurant's food, had visited other restaurants in the chain, and intended to visit the restaurant in the future), *with Vogel*, 2014 WL 5427531, at *2 (plaintiff lacked standing where he "merely attest[ed] that because of 'physical and intangible' barriers, he has been 'deterred' and 'continues to be deterred from visiting the Restaurant'"), *and Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1342 (E.D. Cal. 2020) (finding plaintiff lacked standing to bring ADA claim against hotel when he did not allege concrete plans to travel to the property). Therefore, Plaintiff has demonstrated injury-in-fact coupled with an intent to return to a noncompliant facility.

### C. Conclusion

Plaintiff has adequately demonstrated harm that is both (1) concrete and particularized as well as (2) actual or imminent. Moreover, Plaintiff has sufficiently pleaded facts showing a genuine intent to return to Defendant's Hotel. Accordingly, the Court finds that Plaintiff has established standing to seek injunctive relief and **DENIES** the Motion to the extent it argues otherwise.

## II. Failure to State a Claim

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); see also Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a

sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Finally, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell*, 266 F.3d at 988.

Where a complaint does not survive the Rule 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "The Ninth Circuit has instructed that the policy favoring amendments 'is to be applied with extreme liberality.'" *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 155 (N.D. Cal. 2005) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

**B.     Analysis**

In the alternative, Defendant claims that Plaintiff fails to state any claim. *See generally* Mem.

*1.     ADA Claim*

Title III of the ADA prohibits discrimination by places of public accommodation. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730

(9th Cir. 2007). Where, as here, the plaintiff seeks to establish discrimination based on an architectural barrier, "the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr*, 96 F. Supp. 2d at 1085 (citing *Gilbert v. Eckerd Drugs*, No. CIV. A. 97–3118, 1998 WL 388567, at *2 (E.D. La. July 8, 1998)).

Despite Defendant's arguments to the contrary, here, the Court finds that Plaintiff has adequately stated a claim under the ADA. First, Plaintiff has established he is disabled under the ADA. The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Walking is considered a "major life activit[y]." 42 U.S.C. § 12102(2)(A). Plaintiff is missing a leg and uses a wheelchair for mobility, FAC. ¶ 1; therefore, Plaintiff is disabled within the meaning of the ADA, *see, e.g.*, *Lozano v. C.A. Martinez Fam. Ltd. P'ship*, 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015) (concluding plaintiff who could not walk and used a wheelchair for mobility was "disabled" within the meaning of the ADA).

Second, Plaintiff has established that Defendant's Hotel is a place of public accommodation. Plaintiff asserts that Defendant owns or operates the Hotel, *see* FAC ¶ 7, and "an inn, hotel, motel, or other place of lodging" is a place of public accommodation as defined within the ADA. 42 U.S.C. § 12181(7)(A). This element is therefore satisfied.

As to the third and final element, Plaintiff alleges that Defendant denied him equal access to the Hotel due to ADA-prohibited architectural barriers. *See, e.g.*, FAC. ¶ 34(a) (alleging curb ramp is located on accessible parking access aisle); 36 C.F.R. Pt. 1191, App. D, § 406.5 (requiring curb ramps to not project into parking access aisles); FAC ¶ 34(b) (alleging access aisle does not connect to an accessible route); 36 C.F.R. Pt. 1191, App. D, § 502.3 (requiring access aisles to adjoin an accessible route); FAC ¶ 34(c) (alleging access aisle slope is too steep); 36 C.F.R. Pt. 1191, App. D, § 502.4 (requiring access aisle be the same level as the parking spaces it serves). Plaintiff further alleges that removal of these

///

barriers is readily achievable "without much difficulty or expense" and that alternative accommodations are available. *Id.* ¶ 40.

Accordingly, taking the allegations in the FAC as true, as the Court must in reviewing Plaintiff's Motion, *see TeleVideo*, 826 F.2d at 917–18, Plaintiff has pleaded a prima facie claim under Title III of the ADA. *See, e.g.*, *Johnson v. Hall*, No. 2:11-cv-2817-GEB-JFM, 2012 WL 1604715, at *3 (E.D. Cal. May 7, 2012) (finding sufficient a Title III discrimination claim where the disabled plaintiff alleged that he had been denied access to the defendant's place of public accommodation because of readily removable architectural barriers, including a lack of an accessible entrance).

### 2. State Law Claims

Plaintiff additionally asserts claims under the Unruh Act, Cal. Civ. Code §§ 51–53, and the DPA, *id.* §§ 54–54.3. *See* FAC. ¶¶ 53–62. Defendant argues that these state law claims must be dismissed because Plaintiff cannot truthfully allege that he was actually denied access to the Hotel and fails to explain how any alleged barriers impaired his ability to access the Hotel. *See* Mem. at 28–29.

The Unruh Act states that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). A violation of the ADA is also necessarily a violation of the Unruh Act., *see* Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the [ADA] also constitutes a violation of this section."); *Vogel*, 992 F. Supp. 2d at 1011, and the DPA, *see* Cal. Civ. Code § 54.1(d) ("A violation of the right of an individual under the [ADA] also constitutes a violation of this section[.]"). Because Plaintiff has sufficiently alleged an ADA claim, *see supra* Section II.B.1, he has also sufficiently alleged claims under both the Unruh Act and the DPA.

/ / /

/ / /

/ / /

### C.     *Conclusion*

Plaintiff has sufficiently pleaded claims under the ADA, the Unruh Act, and the DPA.  Accordingly, the Court **DENIES** Defendant's Motion to the extent it argues that Plaintiff fails to state a claim.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Request for Judicial Notice (ECF No. 15-2) and **DENIES** Defendant's Motion to Dismiss (ECF No. 15).

**IT IS SO ORDERED.**

Dated:  December 5, 2022

Hon. Janis L. Sammartino
United States District Judge